## DANA L. HUNGERFORD *vs.* RODOLPHUS D. HICKS.

The defendant entered into the following agreement with the plaintiff: "Whereas *H*, (the plaintiff,) has proposed to find a purchaser for my hotel in *W*, now I agree that if he shall find or send any person who will purchase the same at any terms to which I may assent and I shall make the sale to such person, I will pay him $1,000 for his services when said sale is effected." The plaintiff set about finding a purchaser and induced *B* to go to the defendant and offer him $25,000 for the property, but the defendant refused to sell for that price and asked $26,000. The defendant had in fact at the time agreed orally with *S* to sell him the property, and soon after sold it to him for $25,000. *B* not long after offered *S* $1,000 for his bargain, which he accepted, and it was arranged that a deed which the defendant had made to *S*, and had deposited as an escrow until certain conditions were performed, should be cancelled, and a conveyance made directly by the defendant to *B*, which was done. In a suit brought by *H* against the defendant for the $1,000 mentioned in the contract, it was held—1. That the agreement did not preclude the defendant from selling the property himself, and that upon such a sale to a purchaser that was not procured by the plaintiff, the latter was not entitled to the $1,000. —2. That the deed from the defendant to *B* did not estop him from denying that the sale was made to *B*, and that he might show the circumstances under which the conveyance was made.

It appeared that at the time the defendant refused to sell the property to *B* for $25,000 he did not inform the plaintiff that he had already agreed to sell to *S*, but said to him "You are doing well—go on and make a noise about the property; it must be sold before the first of April;" and that the plaintiff continued his efforts to find a purchaser for a considerable time longer. Whether he might not recover for the services thus rendered in an action for work and labor: *Quære.*

ASSUMPSIT, brought to the Superior Court in Litchfield county, and tried on the general issue closed to the court, before *Foster, J.*

The declaration contained the common counts, and a spe-

cial count upon the following agreement of the defendant: "Winsted, Conn., Dec. 3d, 1869. Whereas D. L. Hungerford has proposed to find some person or persons who will purchase my hotel, called the Clark House, in Winsted, Ct.— Now I do hereby agree that if he shall find or send any person or persons who will purchase said property at any terms to which I may assent and I shall thereupon make the sale to such person or persons, I will pay him, the said D. L. Hungerford, as a compensation for his services in the matter, the sum of one thousand dollars when said sale is effected. R. D. HICKS." The plaintiff alleged in his declaration that he had procured a purchaser of the property, and was entitled to the compensation stipulated for in the agreement.

On the trial the plaintiff proved the execution of the agreement by the defendant, and that, acting under it, he made various efforts at different times in good faith to procure a purchaser of the property in question on terms acceptable to the owner. He also proved that he was a regular real estate broker, having taken a license as such for the year ending May 1, 1870. The plaintiff induced Mr. Henry A. Botsford to go to Winsted and make Mr. Hicks an offer of $25,000 for the property, which was declined, $26,000 being then demanded for it. This was on the 13th of January, 1870. It was proved that at that time the defendant said to the plaintiff, "You are doing well ; go on and make a noise about the property, it must be sold before the 1st of April." The plaintiff supposing the property was still for sale continued his efforts to procure a purchaser, though he offered no evidence that he incurred expense in so doing. The plaintiff also laid in a copy of a deed from the defendant to Botsford & Forester of the premises in question, dated March 1, 1870. The plaintiff claimed that he was the procuring cause of the sale of the property and was entitled therefore, according to the agreement, to the sum of $1,000.

The defendant offered evidence to prove, and did in fact prove, that he made an oral contract to sell the premises in question to Dennis W. Stevens in the latter part of December, 1869, or in the first part of January, 1870, for the sum

of $25,000 ; that on the first day of February, 1870, a proper deed conveying the premises to Dennis W. and Ensign Stevens was duly executed by the defendant and deposited in the hands of John Boyd, Esq., the town clerk of the town, as an escrow, to be delivered to the Messrs. Stevens on the 1st day of March, 1870, if they complied with the terms of payment agreed on between the parties. It was further proved on the part of the defendant, that prior to the 1st day of March, 1870, Messrs. Botsford & Forester offered to take the premises of the Messrs. Stevens at $26,000, in other words to give them $1000 for their bargain, and that the Messrs. Stevens accepted the offer. It was subsequently agreed by all the parties in interest that the deed should be given directly by the defendant to Botsford & Forester, they complying with the terms imposed by him on the Messrs. Stevens as to payment, and the deed was therefore made directly from the defendant to Botsford & Forester. The claim on the part of the defence therefore was, that as the sale of the premises had not been procured through any agency of the plaintiff, the defendant was not liable.

The plaintiff claimed, as matter of law, that until the authority which the agreement conferred on the plaintiff to sell the premises had been revoked, the defendant had no right to sell the property, and if he did sell it he would be liable to pay the plaintiff the amount stipulated. The plaintiff further claimed that the deed to Botsford & Forester estopped the defendant from proving that he made a sale of the property to any other persons than the grantees in that deed, and that the offering of the property for sale to Botsford on the 13th of January, 1870, by the defendant, as herein before stated, estopped him from showing that he had before that time sold the property to Dennis W. Stevens by parol. The plaintiff therefore objected to all the evidence introduced to prove a sale or contract of sale to the Messrs. Stevens.

But the court was of the opinion that the agreement did not preclude the defendant from selling the property in question until notice that the power granted by it was revoked had been given to the plaintiff; and was also of the opinion

that the defendant was not estopped by the deed from showing to whom in fact the sale of the premises had been made, nor by offering the property to Botsford on the 13th of January, 1870, was estopped from proving that he had made a parol agreement to sell the same to Stevens. And the court, from the evidence thus admitted, found, as a matter of fact, that the sale of the premises was made by the defendant without the aid, or intervention, or knowledge of the plaintiff, and so rendered judgment for the defendant. If the evidence was inadmissible the court still did not find that the plaintiff was the means of procuring Botsford & Forester to become the purchasers of the premises, or that the defendant accepted them as purchasers, any further than the deed proves the same.

The court having rendered judgment for the defendant the plaintiff moved for a new trial.

*Graves* and *Hungerford*, with whom was *Morrill*, in support of the motion.

1. The defendant was liable for the amount stipulated in the contract on the ground that the plaintiff had performed the service provided for. It appears from the finding that while the property was in the hands of the plaintiff under an unrevoked authority to sell, the plaintiff sent a person to the defendant who was willing and offered to purchase the property upon terms which were acceptable to the owner. That the terms were acceptable is shown by the fact that the defendant had already sold the property to the Messrs. Stevens for the same price as offered by Botsford, the purchaser furnished by the plaintiff. The defendant is precluded therefore by his own conduct from saying that the price offered by Botsford was not a price which was entirely satisfactory to him. The language, " any terms to which I may assent," fairly construed, means such terms as were reasonable and such as the owner would be willing to sell at to a purchaser found by himself. Any other construction would be a hardship upon the broker, and would always enable the owner to defraud the broker of his commission. It is a well settled rule of law that

where the owner of property employs a broker to sell it, and while the power to sell it is unrevoked the broker finds a purchaser willing to buy upon the terms proposed, the owner cannot by a refusal to make the sale defeat the broker of his commissions.  *Huntington* v. *Wolcott*, 5 Day, 398.

2.  The defendant is estopped from proving that he had sold the property in question without having given notice to the plaintiff and without having revoked the contract, and especially from setting up a sale previous to the 13th day of January, 1870.  By his words and conduct he induced the plaintiff to believe that he had not sold the property on the 13th day of January, and induced him from that time to go on, and to expend his time in endeavoring to sell the property.  1 Hilliard on Torts, 187 ; *Brown* v. *Wheeler*, 17 Conn., 345 ; *Roe* v. *Jerome*, 18 id., 138 ; *East Haddam Bank* v. *Shailer*, 20 id., 21 ; *Preston* v. *Mann*, 25 id., 121 ; *West Winsted Savings Bank* v. *Ford*, 27 id., 290.  The defendant having remained silent when he should have informed the plaintiff of a previous sale, cannot now set up the fact of such sale as against the plaintiff.  *Roe* v. *Jerome*, 18 Conn., 138 ; *Taylor* v. *Ely*, 25 id., 250 ; *Mitchell* v. *Leavitt* 30 id., 590.

3.  The defendant is liable on the common counts for labor done at his request.  Clearly his direction to the plaintiff, after he had in fact sold the property to the Messrs. Stevens, to go on with his efforts, was a request, and for such services as the plaintiff performed after that time the defendant was clearly bound to pay him a reasonable compensation.  In view of the fact that the defendant did not inform the plaintiff that the property was already sold, it would be very inequitable that he should be allowed to escape all liability for the plaintiff's services rendered after such a special request.

*Hitchcock* and *E. W. Seymour*, contra.

Park, J.  The finding of the court excludes all ground for claiming that the plaintiff had any thing to do with the sale of the premises in question to the Messrs. Stevens.  The property was sold to them by the defendant, and they bargained to

sell the same to Botsford & Forester, and when the deed was given, it was arranged by all .the parties that the land should be conveyed directly by the defendant to Botsford & Forester, which was done.  It is common for one person to purchase real estate and direct the deed to be given to a third party to whom he has since sold the property, in order to save the expense and trouble that would attend a circuitous conveyance of the title.  The mere fact that the deed was given by the defendant to Botsford & Forester does not preclude him from showing what were the facts concerning the conveyance.

It is clear from these facts that the plaintiff cannot recover on the special promise of the defendant to pay him the sum of one thousand dollars, unless the plaintiff is right in his claim, that under his arrangement with the defendant the latter had no right to sell the property himself to a purchaser whom he had procured without any aid of the plaintiff, and that hence in the sale that was made the defendant is liable on his contract to the same extent as he would have been if the purchaser had been procured by the plaintiff.

It is difficult to see what foundation there is for this claim. The defendant did not bind himself not to sell the property if he could find a purchaser.  The promise to pay is on condition that the plaintiff " will find or send a purchaser." He did neither.  How can he recover ?  It is said that the defendant is estopped from claiming that he sold the property to a purchaser procured by himself.  But how could this benefit the plaintiff when he is bound to prove that he " found or sent " the purchaser ? · He could not prove this by the estoppel, which he claims ; for it would not follow that the purchaser was " found or sent " by the plaintiff, even if the defendant should be precluded from showing that the purchaser was procured by himself.

But it is manifest that there is no foundation for an estoppel. If the plaintiff had desired to prevent the defendant from selling the property, he should have made a contract with him to that effect.  The arrangement between them does not bind the plaintiff to do anything.  He is not bound to search at all for a purchaser ; and it would be strange indeed if the defend-

ant should put it out of his power to sell the property to a purchaser, procured by himself, under such circumstances.

It is further claimed, that the plaintiff is entitled to recover on the common count for what his services were reasonably worth, from and after the time when he was told by the defendant that " he was doing well, and to go on and make a noise about the property and that it must be sold." At this time the defendant had contracted to sell the property to the Messrs. Stevens, and was morally bound to fulfill the agreement. He could not therefore honestly keep his engagement with the plaintiff, and the plaintiff might well regard the contract as rescinded.

Had this claim been made in the court below it would have been entitled to great consideration. But it was not made, and we are therefore precluded from considering it.

A new trial is not advised.

In this opinion the other judges concurred ; except FOSTER, J., who having tried the case in the court below did not sit.