## J. I. Case Threshing Machine Company v. Wright Hardware Company.

### Decided June 8, 1910.

**1.—Contract—Sales—Exclusive Agency.**

A written contract appointing a mercantile house agent for manufacturers in certain territory, binding it not to interfere with or attempt the control of trade within any other agency and providing that it should be entitled to commissions on sales within its own territory only when made by itself, was not a contract for the exclusive agency within such territory. Such mercantile house could not recover from the manufacturers commissions on a sale made within such territory, not by itself, but by the manufacturer's traveling agent.

**2.—Contract—Interpretation by Parties.**

Where a contract was in writing and clear in its terms evidence of the interpretation thereof acted on by a party or his agent is not receivable to affect its construction. There being nothing in the contract making the agency created thereby exclusive for certain territory, testimony of a state agent of the principal that such contracts were regarded as exclusive was immaterial

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*Spence & Baker* and *Edward M. Browder,* for appellant.—The agency contract made the basis of this suit is not, as between the plaintiff and the defendant, an exclusive contract of agency, and does not, by express or implied terms, warrant a recovery by the plaintiff from the defendant of commissions upon sales of threshing machinery made wholly by the defendant, and with which the plaintiff had nothing to do and no connection whatever. Hammon on Contracts, 808.

*Frank Oltorf,* for appellee.—In construing contracts of doubtful meaning, the practical construction of the parties to them may be considered and should control its interpretation. Bounds v. City of Hubbard, 47 Texas Civ. App., 233; San Antonio St. Ry. Co. v. Adams, 87 Texas, 125; Galveston, H. & S. A. Ry. Co. v. Johnson, 74 Texas, 256.

JENKINS, ASSOCIATE JUSTICE.—This suit was originally brought by appellee, an incorporated mercantile company, in Justice's Court, to recover $120 claimed to be due as commissions on the sale of certain machinery. Judgment was rendered for appellant, but on appeal to the County Court, appellee obtained judgment for the amount sued for with interest.

Appellant has assigned a number of errors, but the view which we take of the evidence renders it necessary for us to pass on only one of said assignments. The undisputed evidence shows that the appellee had nothing to do with making the sale, and if it is entitled to recover at all, it must be upon the ground of exclusive agency. The sale was made by a traveling salesman of appellant to a party in the trade territory of the town of Lott. In December, 1905, by an instrument in writing, the appellant appointed the appellee its agent for the year 1906, to sell its machinery at Rosebud where appellee was transacting business, and also at Lott, where appellee had a branch house. Said instrument authorized appellee to sell the machinery of appellant in the trade territory of Rosebud and of Lott, setting out in detail the manner in which said business should be conducted, and agreeing to pay commissions on all sales made in accordance therewith "within the proper territory, *by or through the agency of the said agent and not otherwise.*" There is certainly no direct statement in this instrument that the appellee should have the exclusive right to sell said machinery in said territory. To sustain his theory that this was a contract for exclusive agency appellee relies upon a clause in the contract which bound appellee "not to interfere with or attempt to control the trade

of persons seeking to purchase through or negotiate with any other agency." This clearly limits the territory in which the agent is authorized to make sales, but it does not give him exclusive control of said territory. We may reasonably presume that like contracts were made with all other agents appointed by the appellant; and, such being the case, appellee might have safely counted upon its territory not being invaded by other agents appointed by appellant; for it would not be probable that any other agent would invade such territory if he knew that he would get no commission on sales made therein. But suppose some other agent, operating under a like contract, had invaded appellee's territory and made a sale of appellant's machinery, would such sale have been void for want of authority? Not if the appellant saw fit to ratify said sale. The other agent would simply have lost his commission. One clause of the contract is as follows: "No commission shall be earned or paid upon any sale made or trade sought in any territory represented by another agency of the company, and acceptance of any such sale shall not be held a waiver of this condition." This clearly would have deprived the agent who invaded appellee's territory, under a similar contract, from claiming commissions on such sale; but would the acceptance of such sale by appellant have entitled the appellee to commission thereon? The contract nowhere says so. On the contrary, the clause of the contract first above quoted expressly provides that the appellee shall be entitled to commissions on sales in his territory made *"by or through the agency of said agent and not otherwise."* It was brought out in the testimony of this case that the traveling salesman of appellant, at the time he sold the machinery to the purchaser, attempted to appoint such party an agent of appellant at the town of Lott, but the State agent refused to ratify said appointment, for the reason that Lott was in the trade territory for which appellee had been appointed agent; and, in this connection, and as his reason for refusing to make such appointment, said State agent testified: "I did not approve and accept such agency contract, as we do not have but one local agent in a town, and we regard our contracts as exclusive contracts of agency." In construing a written contract we must look to the instrument itself. It is true that where a contract is, to any extent, ambiguous, and the parties to such contract have given it a practical construction, such construction will control its interpretation. Galveston, H. & S. A. Ry. Co. v. Johnson, 74 Texas, 256, 11 S. W., 1113; San Antonio St. Ry. Co. v. Adams, 87 Texas, 125, 26 S. W., 1040; Bounds v. City of Hubbard, 47 Texas Civ. App., 233, 105 S. W., 56. The witness who testified, "we regard our contracts as exclusive contracts of agency," was not the maker of nor one of the parties to said contract. The contract is signed upon the part of the appellant by the J. I. Case Threshing Machine Company, by Thomas Robinson, Secretary; and it is stated therein that the home office of said company is Racine, Wisconsin, and provides that no sales shall be binding until accepted by said company at its home office at Racine. The contract is countersigned by said witness, W. C. Lemmon, who had charge of the company's branch house at Dallas, Texas, which, we take it, shows that the appointment was made on his recommendation. The contract further states that "General agents of the

company, so called, have no general agency powers. Their powers are limited to the supervision of branch houses, and local agencies in their territory, under the direction of the home office at Racine." The witness Lemmon was a general agent of this character; that is, he had charge of the company's branch house at Dallas. Falls County was shown to be in his territory. His statement as to how he regarded the written contract executed by his company could not bind the company nor aid the court. In so far as he, as the agent of appellee, acting within the scope of his authority, has given a practical construction to any ambiguous phase of such contract, the company may be bound. What practical construction, according to the testimony, has he given the contract? Simply that the company will not appoint two agents in the same town. This is all that is meant by his statement as to exclusive agency.

The employment of an agent does not, in the absence of an agreement to that effect, preclude the principal from making the sale; and if the contract should expressly provide that the principal would not appoint any other agent to sell a specific article, or to sell in a specified territory, still, if the contract did not give the agent the exclusive right to sell such article, or to sell in said territory, such agent would not be entitled to commission upon a sale made by the principal without the assistance of the agent. Dole v. Sherwood, 41 Minn., 535, 43 N. W., 569; 16 Am. St. Rep., 731, 5 L. R. A., 720; Golden Gate Packing Co. v. Farmers Union, 55 Cal., 606; Gilbert v. Coons, 37 Ill. App., 448; Hungerford v. Hicks, 39 Conn., 259; Darrow v. Harlow, 21 Wis., 306, 94 Am. Dec., 541; Cyc., vol. 31, sec. 1517-18.

The facts of this case have been fully developed, the nature of appellee's agency appearing from the written instrument creating such agency, which it is the duty of the court to construe; and it clearly appearing therefrom that appellee was not entitled to commissions in the trade territory for which it was appointed agent, except upon sales made by or through its agency, and the undisputed evidence being that appellee had nothing to do with making the sale, we deem it unnecessary to remand this case for another trial. Wherefore we reverse the judgment of the trial court and render judgment for appellant.

*Reversed and remanded.*