DALLAS ELECTRIC SUPPLY CO., Inc., v.
BRANUM CO. et al.

No. 13490.

Court of Civil Appeals of Texas. Dallas.

May 26, 1944.

Rehearing Denied June 23, 1944.

W. S. Campbell and O. D. Montgomery, both of Dallas, for appellant.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellees.

LOONEY, Justice.

The parties will be referred to as in the court below; plaintiff is Dallas Electric Supply Company, Inc., defendant is Mose Branum, doing business as The Branum Company, referred to in the contract here-inafter mentioned as "the Manufacturer." On original submission we reversed the trial court in two respects, that is, held that it erred in refusing to render judgment in favor of plaintiff against the defendant for $1,000 damages as found by the jury, hence rendered judgment in plaintiff's favor for that amount with interest, etc.; also held that the trial court erred in rendering judgment in favor of plaintiff against the defendant for $858.11 damages for breach of the alleged exclusive feature of the contract involved, and set the same aside. Both parties moved for rehearing. After duly considering these motions we have reached the conclusion that error was committed in reversing the trial court and in rendering judgment in plaintiff's favor for $1,000 damages, but are unconvinced that error was committed in setting aside the

judgment in favor of plaintiff for $858.11. The original opinion heretofore filed will be withdrawn and this opinion filed in lieu.

On January 1, 1940, the defendant executed a consignment contract whereby he appointed plaintiff agent and distributor, to sell on a commission basis Tung-Sol radio tubes within a described territory. The contract was terminable at the will of either upon written notice to the other, and in fact was terminated by the defendant May 1, 1942. At that time plaintiff owed the defendant $2,182.34, and previously had placed in the hands of forty-one subagents, as dealers, appointed under terms of the contract, radio tubes remaining unsold, invoicing $11,135.55, for the distribution of which plaintiff had incurred an expense of $1,395.-77. It also appears that during the life of the contract, defendant sold to dealers within the territory covered by the contract, Tung-Sol radio tubes amounting to $5,363.-25 upon which, under the terms of the contract, plaintiff's commission, if entitled to recover, would have been $858.11.

In this status, plaintiff instituted the present suit, tendered and paid into the registry of the court the sum of $2,182.34, the amount admittedly due the defendant, subject, however, to plaintiff's alleged claims or causes of action; that is, plaintiff sought to recover damages in the sum of $858.11, loss of profits on sales made by the defendant to dealers within the named territory, on the theory that the contract was exclusive; also sought to recover commissions amounting to $1,781.69 on the forty-one subagency accounts, alleging substantial performance of the contract in respect to these accounts in soliciting and making distribution of radio tubes prior to the termination of the contract; or, in the alternative, sought to recover the amount stated as the reasonable value of the services rendered and expenses incurred, on a quantum meruit basis; praying judgments for said amounts, that the money deposited in court be appropriated to the satisfaction of same and that plaintiff have execution for any balance remaining unpaid. The trial court sustained exceptions to that portion of plaintiff's pleading, seeking recovery of $1,781.69 commissions, but permitted the plea of quantum meruit to stand. The cause was submitted to a jury who found that plaintiff was entitled to the exclusive right to sell and consign radio tubes in the described territory, and further, that $1,000 was the reasonable value of plaintiff's services in appointing subagents or dealers, and in distributing among them the radio tubes.

Plaintiff moved for judgment non obstante, praying that the finding of $1,000 as the reasonable value of its services be disregarded and that judgment be rendered in its favor for $1,781.69 as its commissions, or, in the alternative, prayed judgment for $1,000 as found by the jury; also asked judgment for $858.11 damages, the amount of commissions claimed on sales of tubes made by the defendant to dealers within the described territory, in violation of the exclusive feature of the contract.

The court overruled plaintiff's motion for judgment non obstante for the commissions claimed, also denied judgment for $1,000 as found by the jury, but rendered judgment in its favor for $858.11, damages for the loss of profits for the breach of the alleged exclusive feature of the contract, plus $47.48 interest—total $905.58—and directed the clerk to pay that amount to plaintiff out of the fund on deposit, and the remainder to the defendant. Both parties moved for a new trial, each was overruled, each excepted and gave notice of appeal, but plaintiff alone perfected appeal and has assigned errors; the defendant urges counterpoints, also crosspoints of error.

The points of error urged by plaintiff for reversal, construed together, mean that in view of the findings of the jury and undisputed facts, the court erred in not rendering judgment in its favor for $1,000, the amount found by the jury as the reasonable value of its services in soliciting and appointing subagents and in making distribution of the radio tubes remaining unsold in their hands at the time the contract was terminated. As heretofore shown, at an expense of $1,395.77, plaintiff had solicited and appointed forty-one subagents, dealers in the allotted territory, and had distributed among them radio tubes of the invoice value of $11,135.55, unsold when the contract was terminated May 1, 1942.

To recover on a quantum meruit, the facts justifying recovery must be outside the terms of the agreement. Where the contract speaks, recovery cannot be had on a quantum meruit; the right to recover must be independent of the contract and outside its provisions. The contract fixes rights of the parties, and if performance is wrongfully prevented, the aggrieved party may recover either on the contract or on a quantum meruit, at his election; but where

suit is based on, and the rights of the parties are fully stated in, an express contract of employment, alleging covenants of performance on plaintiff's part, in absence of breach or wrongful prevention of performance by defendant, recovery for incurred expenses in the performance thereof cannot be sustained on a quantum meruit count.

In the case at bar, the contract between the parties, pertinent here, expressly provides: Sec. 1. That plaintiff, as agent, agreed to sell defendant's products on commission "upon the terms and subject to the conditions therein set forth." Sec. 2(a), That "The agency is an agency at will and may be terminated by either party upon written notice to the other, by registered mail." Sec. 5. That "The Agent shall pay all expenses in the storage, cartage, transportation, insurance, handling, sale and distribution of tubes hereunder, and all expenses incident thereto and to the accounting therefor, and to the collection of accounts created or served by the Agent. * * * The Agent shall return to the manufacturer, at any time when directed by it, all or any part of said consigned stock which has not been sold. All tubes shipped hereunder by or on behalf of the manufacturer, either to the Agent, or upon request of the Agent, shall be subject to the same terms, conditions and agreements as if shipped to said stock, except as otherwise specified herein." Sec. 10. That "The expiration or termination of this agreement for any reason shall be without prejudice to the rights of the manufacturer against the Agent and shall not relieve the Agent of any of its obligations and guarantees hereunder. Immediately upon any such expiration or termination, the Agent shall deliver—or cause to be delivered—to the manufacturer, or to the manufacturer's order, transportation prepaid, all tubes consigned hereunder in the custody of the Agent or of its subagents, which remain unsold and shall fully perform all obligations of the Agent which then remain unfulfilled." And, Sec. 14. That "This appointment supersedes all other prior appointments, arrangements or contracts between the parties, and it is and shall be the only agreement between them during its effective life."

Thus it will be seen that plaintiff was obligated to pay all expenses of transportation from its supply stock to its subagents, and at the expiration or termination of the contract, immediately deliver or cause to be delivered to the manufacturer (defendant) or "To the manufacturer's order," all tubes consigned to and in custody of the agent or its subagents, which remained unsold. The contract was terminable at will. On April 20, 1942, defendant, in the manner and under the terms of the agreement, terminated the agency with plaintiff, effective as of May 1, 1942, and directed the closing of the subagents' accounts as of that date; and advised plaintiff and its subagents that after the effective life of the contract, all unsold radio tubes in the subagents' possession need not be returned to the distributor (plaintiff), and that if any such subagents wished to continue as dealers of defendant's products, the account balance with defendant on May 1, 1942, would be transferred to other distributor, Wanslow & Company, under the exact terms as theretofore. Defendant wrote each of the subagents, under date of April 22, 1942, as follows:

"On April 20th we sent you notice that we are changing distributors as of May 1st, and after that date you will be served by Wanslow & Company, 912 N. Peak St., Dallas, Texas.

"This is to advise you that you do not need to purchase your stock, or return it to your present distributor, unless it is entirely agreeable with you to do so. Of course, if you wish to discontinue handling Tung-Sol Radio Tubes, it is your privilege to do this.

"Please disregard any information you might receive contrary to the preceding paragraph, and, if you wish to continue as a Tung-Sol Radio Tube dealer, your balance as of May 1st will be transferred to Wanslow & Company who will serve you exactly as your account has been handled in the past."

The evidence shows that on May 1, 1942, the subagents had in their possession defendant's radio tubes of the price list value of $11,135.55, which had been delivered to them by the plaintiff during the life of the contract; that defendant closed their accounts, took over the tubes and transferred the accounts to the new agency, Wanslow & Company, under the exact terms of plaintiff's contract.

■ It is clear that plaintiff was obligated to return to defendant, or on its order, all unsold tubes. Defendant gave an order for the tubes in possession of the subagents on May 1, 1942, to remain in their possession, if agreeable, or at their option,

to return them to plaintiff. Defendant had the contractual right to make disposition, as he saw fit, of the unsold tubes at the expiration or termination of the contract with plaintiff. All parties concerned chose to let the tubes remain with the subagents, their accounts with plaintiff closed and transferred to the new distributors, Wanslow & Company. The mere fact that plaintiff incurred transportation expenses in distributing the tubes to the subagents gave it no right outside the terms of the contract to recover such expenses on quantum meruit. Plaintiff, having acceded to defendant's order directing the involved tubes to remain with the agents, cannot recover expenses incurred in placing the tubes with them. Such expense was incident to his contractual obligations. The judgment of the trial court denying plaintiff recovery should be affirmed.

We will now take up defendant's cross-points and plaintiff's objection to their consideration. As before stated, the court gave judgment in favor of plaintiff for $858.11 damages for breach of the alleged exclusive feature of the contract. This issue was presented in plaintiff's pleadings; evidence was heard on the issue, and same was submitted to the jury and found in the affirmative; that is, that the contract was exclusive in nature. Based upon this finding and facts showing that during the life of the contract, defendant sold direct to dealers in the territory allotted to plaintiff, radio tubes totaling in amount $5,363.25, upon which, if entitled to recover, plaintiff's commission would be $858.11, the amount for which recovery was had. In his cross-points of error, defendant contends that the trial court erred in submitting the issue and in holding that the contract was exclusive and deprived him of the right to sell his goods direct to customers in the defined territory without having to pay plaintiff commissions.

■ Plaintiff objects to the consideration of defendant's cross-points of error, inasmuch as he failed to perfect an appeal from the judgment awarding plaintiff damages, contending that the court rendered two separate and distinct judgments: one in its favor for damages as before stated, to be paid out of the fund deposited in court, and the other in favor of defendant for balance of fund on deposit. As heretofore shown, plaintiff came into court admitting that it was indebted to defendant in the sum of $2,181.34, paid that amount into the registry

of court, but contemporaneously sought to recapture same by urging two claims against the defendant; one for the reasonable value of its services in soliciting and appointing subagents and distributing among them for sale radio tubes, as heretofore fully disclosed; the other for damages for the breach of the alleged exclusive feature of the contract.

The fund deposited in court admittedly belonged to the defendant and required no adjudication to establish his right to same; hence, if plaintiff had failed to establish its claims in whole or in part, it would simply have required a ministerial act on the part of the court to direct payment of the fund to the defendant, in whole or in part, as the case might be. The record discloses that plaintiff only recovered on one of the claims urged, hence failed on the other; however, appealed, seeking to retain its winnings and reversal of the action of the court in denying recovery of the other claim; conversely, the defendant seeks reversal wherein plaintiff recovered, and affirmance wherein it failed. In the situation presented, we think the defendant has the right to urge cross-points of error, challenging the correctness of that feature of the general judgment awarding plaintiff damages as heretofore set out.

■ Defendant's cross-points of error, in our opinion, are well taken and should be sustained. The contract involved is quite lengthy, but, after careful consideration, we fail to find in it any language indicating that plaintiff was given an exclusive agency, or the exclusive right to sell Tung-Sol radio tubes in the defined territory, or any language creating an ambiguity in these respects. The construction of the contract was a question of law for the court, and not a question of fact to be submitted to the jury. The sales were made by the defendant direct to dealers in the territory, and not by a subagent. We think the court erred in admitting evidence on the issue of ambiguity, and in submitting the meaning of the contract for decision by the jury. In a similar situation presented in Case Threshing Mach. Co. v. Wright Hardware Co., 61 Tex.Civ.App. 481, 130 S.W. 729, 731, the Austin Court of Civil Appeals, speaking through Judge Jenkins, used language, that in our opinion, is applicable here: he said: "The employment of an agent does not, in the absence of an agreement to that effect, preclude the principal from making the sale; and if the contract

should expressly provide that the principal would not appoint any other agent to sell a specific article, or to sell in a specified territory, still, if the contract did not give the agent the exclusive right to sell such article, or to sell in said territory, such agent would not be entitled to commission upon a sale made by the principal without the assistance of the agent." (Citing numerous authorities). Defendant's cross-points of error, presenting other questions, after due consideration are overruled.

In harmony with the views above expressed, plaintiff's motion for rehearing is overruled and the motion of the defendant is sustained; our former judgment in plaintiff's favor for $1,000 and interest against the defendant is set aside and the judgment of the trial court denying such recovery is affirmed; the judgment of the trial court in favor of plaintiff for $858.11 damages against the defendant, as announced in our original opinion, is set aside; and plaintiff is adjudged to pay all costs incurred. The clerk of the court below is directed to pay defendant the money paid into the registry of court by plaintiff at the inception of the litigation.

Affirmed in part, and reversed and rendered in part.