WHITE v. ROUGHTON et al. (No. 1288.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1918. Rehearing Denied March 6, 1918.)

1. PRINCIPAL AND AGENT ⊂⊃149(2)—ASSUMING TO ACT AS AGENT—INDIVIDUAL LIABILITY.

Recovery cannot be had against one assuming to be an agent, for liquidated damages stipulated in a contract, but recovery can be had for consequential damages, or the value of services rendered.

**2. PRINCIPAL AND AGENT** ☞149(2)—**UNAUTHORIZED CONTRACTS—LIABILITY—DAMAGES.**

Where one falsely represents that he is agent for another and enters into a contract, the other party can sue him on his warranty without tendering performance to the supposed principal.

Appeal from Collin County Court; R. L. Moulden, Judge.

Suit by G. C. Roughton and W. W. Murrah, doing business under the firm name and style of the Roughton-Murrah Company, against J. L. White and another. Judgment for plaintiffs against the named defendant, and he appeals. Reversed and remanded.

Wallace Hughston, of McKinney, for appellant. Read, Lowrance & Bates, of Dallas, for appellees.

HALL, J. G. C. Roughton and W. W. Murrah, doing business under the firm name and style of Roughton-Murrah Company, instituted this suit, praying for judgment against Mrs. J. L. White, individually and as independent executrix of the estate of her husband, and against her son J. L. White. Plaintiffs alleged in substance that they were real estate agents; had been employed by Mrs. J. L. White to sell or exchange certain lands in Denton county, Tex., on terms to be agreed upon; that they secured a purchaser who was ready, willing, and able to purchase said lands; that the contract of sale or exchange was duly executed October 8, 1915, by James Jackson, a party procured by appellees, and by J. L. White, the son of Mrs. J. L. White; that the said J. L. White was duly authorized by his mother to execute said contract. Plaintiffs allege in the alternative that J. L. White represented that he was instructed and authorized by his mother to enter into said contract, and was duly authorized to sign the check for $500, which was deposited to guarantee the performance thereof; that he further represented that he was looking after the business of the estate of his deceased father. It is alleged that plaintiffs relied upon such representations, and they prayed that, in the event the representations made by said J. L. White were not in fact true, they recover upon his warranty damages in the sum of $500. The record contains no statement of facts. The material findings of fact by the court are as follows:

(8) J. L. White represented to the plaintiffs that he was authorized and had authority as administrator of the estate of J. L. White, deceased, to employ the plaintiff to sell the land in Denton county, as stated in said contract, and represented to them that he was authorized as such administrator, and was acting for his mother to exchange said land for the Dallas property, and the plaintiffs understood and knew that J. L. White did not own the Denton county land and understood that they were dealing with him in a representative capacity and not in his individual capacity.

(10) The deed to the Dallas property was never tendered to Mrs. J. L. White.

(12) I find that at the time the contract was executed it was not the intention of the parties to the contract that J. L. White was to be bound individually.

(a) There was no evidence that J. L. White individually received any consideration, either prior to or at the time of the execution of the contract, or since.

(b) That the evidence did not show that under the contract J. L. White was to receive any consideration individually.

The court concluded as a matter of law that the plaintiffs were not entitled to recover against Mrs. J. L. White in any capacity, but concluded that plaintiffs were entitled to recover against "J. L. White individually upon the contract sued upon, $500 being the amount of liquidated damages therein set out, and all costs of suit and judgment is so rendered." The written contract of exchange made between J. L. White and James Jackson is signed by White, "acting as administrator White estate," and he is so described in the body of the contract. The fourth paragraph of the contract is as follows:

"To show good faith in ·the execution of this contract each party has this day deposited with the Roughton-Murrah Company the sum of $500, which it is agreed that if either party to this contract fails to comply with the terms herein set out, the party so failing shall forfeit the said $500 to the Roughton-Murrah Company, as liquidated damages."

Mrs. J. L. White denied the authority of her son to execute the contract or to sign and deliver the check for $500 in her name. Neither party filed exceptions to the court's findings of fact.

[1, 2] The first asignment is that the court erred in concluding as a matter of law that the plaintiffs were entitled to recover of J. L. White individually upon the contract the liquidated damages specified .therein in the sum of $500. According to the doctrine announced in Heard v. Clegg, 144 S. W. 1145, by Connor, C. J., appellant could not recover against J. L. White the liquidated damages stipulated in the contract. Judge Connor uses this language:

"On the award actually made, no right of action as against Bomar can be predicated, for the award was in Bomar's favor on the issue of a direct personal liability. If Bomar's assumption of authority be construed as a guaranty that Clegg would abide Martin's determination, the legal consequence of the breach of warranty would be for special damages in the way of loss of time, expenses, etc., which was neither alleged nor proven by appellant. The fact that one assumes to act as agent for another in signing an obligation in the name of such other without authority does not bind the acting agent on a contract. The damages in such case are measured by the injuries resulting from want of power, and not by the terms of the contract. Heard's right of action against Bomar, if any, was not, as stated, on the award of the arbitrator, but at best for consequential damages, resulting from the unauthorized act of Bomar."

While there is some conflict between the authorities as shown by the decisions in other jurisdictions. the rule announced above is sustained by the weight of authority.

People's National Bank v. Dixwell, Ann. Cas. 1915D, 722, note; Mechem on Agency (2d Ed.) §§ 1400, 1401; 2 C. J. 811, § 485. Since the court has applied an improper measure of damages, we sustain the first assignment. It does not appear that any evidence was offered by appellees to sustain their right to recover under their alternative plea against J. L. White. The proposition is urged that since no deed to the Dallas property was ever tendered to Mrs. White by Jackson or any one for him, plaintiffs are not entitled to recover in any event. It would not be necessary to show tender of performance to Mrs. White to entitle the plaintiff to recover against J. L. White on his warranty. Any competent proof that Jackson was ready, willing, and able to consummate the exchange would suffice.

By his second assignment of error it is insisted that the court erred in rendering judgment against appellant after having found that it was not the intention of the parties that J. L. White should be bound by the contract. Under proper pleading and proof White might be rendered liable upon the contract to the extent of the reasonable value of the services rendered by plaintiffs, but could not be held liable for the liquidated damages provided in the contract.

Under the third assignment it is insisted that neither the pleadings nor the evidence showed any liability of any kind against J. L. White. As heretofore stated, the suit was in the alternative, and while that portion of the petition, seeking to recover against J. L. White is not as full and specific in its allegations as it might have been, we think it is sufficient as against a general demurrer.

For the errors indicated we think the judgment should be reversed, and the cause remanded; and it is accordingly so ordered.

Reversed and remanded.

HUFF, C. J., not sitting, being absent in Austin with committee of judges passing on applications for writs of error.