J. C. WOODARD, Individually and d/b/a Woodard and Lee Builders and d/b/a Woodard and Lee Homes and d/b/a Meridian Homes, and/or Trustee for Meridian Homes, Petitioner,

v.

SOUTHWEST STATES, INC., a/k/a KROD TV and KROD Radio Station, Respondent.

No. A–10246.

Supreme Court of Texas.

Dec. 2, 1964.

Morgan & Boling, El Paso, for petitioner.

Scott, Hulse, Marshall & Feuille, Charles R. Jones with above firm, El Paso, for respondent.

CULVER, Justice.

Southwest States, Inc. brought this suit against J. C. Woodard, a home builder, described as doing business under certain assumed names and as trustee for Meridian Homes and also against James Svalberg, who conducted an advertising agency under the name of Ad Vent, Unlimited. The suit was predicated on a contract claimed to have been made with Southwest States, Inc. by Svalberg as agent for Woodard and in the alternative against Woodard on quantum meruit. On the other hand Woodard answered that a contract was made between Meridian Homes, a joint venture, composed of three corporations, Edgemere Development Company, Woodard Construction Company, and First Gold Medal Homes, and Svalberg, whereby Svalberg would for the sum of $11,500.00, conduct the promotional advertising for Meridian Homes and that Svalberg would be solely liable and responsible to the advertising media and suppliers that he might deal with for their charges; that Svalberg was not the agent for Woodard either individually or as trustee.

The jury found that Svalberg was an independent contractor at the time he placed the radio and television advertising with Southwest States, Inc., and that Woodard did not lead Southwest States, Inc., its agents and employees, to believe that Svalberg was his agent. The trial court entered judgment for Southwest States against Svalberg, but denied it any recovery against Woodard, individually or as trustee. Svalberg did not appeal.

The Court of Civil Appeals in reversing the judgment in favor of Woodard and remanding the cause for another trial,[1] held that the trial court erred in failing to submit to the jury the elements of quantum meruit because Southwest States furnished the advertising with Woodard's knowledge and consent; Woodard received the benefits accruing therefrom and there remained an unpaid balance due for such services.

In this case all parties are agreed that a contract was made between Southwest States and Svalberg, the dispute being whether Svalberg was an independent contractor or an agent for the defendant in making the contract. Southwest States pleaded that Svalberg contracted and expressly agreed to pay to it the prices charged for the advertising time and services as set out in the attached exhibits, which charges were reasonable. In that situation the plea of quantum meruit is not available.

Recovery on an express contract and on quantum meruit are inconsistent. Where there exists a valid express contract covering the subject matter, there can be no implied contract. Gammage v. Alexander, 14 Tex. 414; Dallas Electric Supply Co., Inc. v. Branum Co., 185 S.W.2d 423, Tex. Civ.App., affirmed 143 Tex. 366, 185 S.W.2d 427; Yingling v. Klotz, 193 S.W.2d 742, Tex.Civ.App., wr. ref. n. r. e.; Walker v. Dickey, 44 Tex.Civ.App. 110, 98 S.W. 658, er. ref.; Fordtran v. Stowers, 52 Tex.Civ. App. 226, 113 S.W. 631, 1908.

In the second place there can be no recovery by Southwest States against Woodard because its contract was made with Svalberg, an independent contractor, and can only look to Svalberg to carry out the terms of his contract. The contractee is not liable for the acts of an independent contractor. Siratt v. City of River Oaks, 305 S.W.2d 207, Tex.Civ.App., wr. ref.

The Court of Civil Appeals in holding that the facts in this case would compel submission to the jury of quantum meruit issues relies upon the proposition that "quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or for work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor," citing Parks v. Kelley, 147 S.W.2d 821, Tex. Civ.App., 1941, no writ history. As a general rule the proposition is good law.

1. 379 S.W.2d 120.

It just does not apply to the facts in this case. In the Parks case there was an implied contract on the part of the employer to pay the reasonable value of the services that had been rendered to him by the employee as a pharmacist in the defendant's drug store. In the case before us there was no contract between Southwest States, Inc., and J. C. Woodard, either express or implied. Svalberg, as the jury found, was indebted to Southwest States on the contract made between those two parties. If in fact Woodard owed Svalberg any balance, Southwest States could reach those funds by writ of garnishment.

 Southwest States objected to the following issue on the ground that the issue was framed in the alternative which precluded Southwest States from a possible jury finding that the advertising was placed both for the account of Woodard individually and as trustee for Meridian Homes.

"Do you find from a preponderance of the evidence, that the defendant, James E. Svalberg, placed the radio and television advertising involved herein on account of:

"1(a) J. C. Woodard, doing business as Woodard and Lee Homes?

"1(b) J. C. Woodard, Trustee for Meridian Homes, a joint venture of three corporations, Edgemere Development Company, Woodard Construction Company, the First Gold Medal Homes?

"Answer: '1(a)' or '1(b)'

"We answer: 1A."

Even if erroneous we believe the error was not so material as to justify a reversal. As pointed out, the jury found that Svalberg was an independent contractor "at the time he placed the radio and television advertising involved herewith with plaintiff, Southwest States, Inc." The jury also found that Svalberg, in placing the advertising, was not acting as agent for J. C. Woodard, as trustee for Meridian Homes.

Woodard, in his testimony, admitted that he made the contract with Svalberg for and on behalf of Meridian Homes. So that if the jury had found that Svalberg was acting as agent for J. C. Woodard as trustee the admission by Woodard would have justified the trial court in disregarding the answer to the foregoing issue. So far as we observe from the statement of facts Woodard was trustee for Meridian Homes only in that he was authorized as such to make deeds of conveyances.

For the foregoing reasons we reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.