APEX SUPPLY COMPANY, Appellant,

v.

SIMONS LAND COMPANY, Appellee.

No. 4995.

Court of Civil Appeals of Texas,
Waco.

May 6, 1971.

Mayer & Mayer, R. Lewis Nicholson, Dallas, for appellant.

Hunter, Greenfield & Allen, Nathan Allen, Jr., Dallas, for appellee.

OPINION

HALL, Justice.

Apex Supply Company, the appellant, brought this action on quantum meruit against appellee to recover the value of plumbing materials and fixtures which Apex alleges were used in the construction of improvements to property owned and developed by appellee. The trial court granted appellee's motion for summary judgment that Apex "take nothing."

Apex pleaded that prior to April 2, 1968, appellee entered into a contract with "one Mel Davis" whereby Davis agreed to perform services for appellee in the installing of plumbing fixtures in houses being built by appellee; that on or about April 2, 1968, Davis contracted with Apex for the purchase of the plumbing materials, supplies and fixtures that were to be installed in appellee's property, "all with the full knowledge" of appellee's president A. P. Simons; that appellee consented to the delivery and installation of the materials in appellee's premises knowing that no one other than appellee would or could pay for the materials and supplies; that appellee has sold all of the premises upon which the plumbing supplies were installed; that appellee's premises were enhanced in value by the sum of $8,136.95 as a result of the installation

**652**

of the plumbing supplies; and that as a result, appellee has been unjustly enriched in that amount at the expense of Apex.

The record shows without contradiction that Apex carried the account upon which this suit is based in the name of Davis and that all of the materials in question were sold by Apex to Davis; that all payments on the account were made by Davis and that returned merchandise was credited to Davis; that prices for supplies furnished by Apex were always set and agreed upon by Apex and Davis, and never by anyone from Simons Land Company; that Davis was billed for the materials in question; that appellee was never invoiced for the materials; that Davis was an independent contractor; that no representative of appellee ever purchased any materials from Apex; and that Apex made no attempt to comply with the Mechanic and Materialmen's Lien Statutes.

As an inducement to Apex to sell on credit to Davis, appellee, on April 2, 1968, agreed in writing to include Apex as a named payee on each payment made by appellee to Davis. This is the only agreement between appellee and Apex that is shown in the record. Apex does not contend that appellee did not fully comply with the agreement; and, as noted earlier, this action is not based upon that agreement, but is brought solely upon quantum meruit.

As shown by its pleadings and the summary judgment proof, Apex entered into an express contract with Davis for the sale of the supplies in question. Under the record, Apex can only look to Davis to carry out the terms of his contract. Woodard v. Southwest States, Inc. (Tex.Sup., 1964), 384 S.W.2d 674, 675. As the court there held:

> "Recovery on an express contract and on quantum meruit are inconsistent. Where there exists a valid express contract covering the subject matter, there can be no implied contract."

The judgment is affirmed.