**ANGROSON, INC., Appellant,**

v.

**INDEPENDENT COMMUNICATIONS, INC. and Fone Factory, Inc., Appellees.**

No. 05–85–00496–CV.

Court of Appeals of Texas, Dallas.

March 14, 1986.

Rehearing Denied May 2, 1986.

Alan Mask, David Watkins, Jenkins & Watkins, Dallas, for appellant.

Werner A. Powers, Stacy L. Brainin, Haynes & Boone, Dallas, for appellees.

Before GUILLOT, WHITHAM and HOWELL, JJ.

GUILLOT, Justice.

Angroson, Inc. appeals from an adverse judgment notwithstanding the verdict. In the trial below, the jury awarded Angroson the value of its services in quantum meruit, and the court's judgment on the verdict imposed liability for the jury award upon Independent Communications, Inc. and Fone Factory, Inc. The trial court, however, later set aside its judgment and entered judgment n.o.v. finding that a valid contract existed which barred Angroson's quantum meruit claim. On appeal, Angroson asserts that the trial court erred because there was no valid contract which would preclude its recovery in quantum meruit. I.C.I. and Fone Factory, Inc.—hereafter collectively referred to as "Fone Factory" and individually referred to as "I.C.I." and "Fone Factory, Inc."—present cross-points of error which attack the sufficiency of evidence to support the imposition of liability on them and the award of attorneys' fees. In addition, they contend that the trial court erred in excluding their expert witness. We agree with Angroson's contentions, and, accordingly, we reverse the trial court's judgment n.o.v., render

judgment on the verdict, and overrule Fone Factory's cross-points.

Angroson is a general contractor. I.C.I. and Fone Factory, Inc. are affiliate corporations, each having the same person, Larry Christensen, as its sole shareholder and president. In 1981, I.C.I. leased unfinished space in Collin Creek Mall in Plano, Texas. An I.C.I. employee, Frank Ramirez, contracted with Angroson for the necessary construction so that the store could open for business. He signed the contract on behalf of Fone Factory, Inc. Ramirez, however, was not authorized to contract for Fone Factory, Inc. After the construction work was completed, I.C.I. subleased the space to Fone Factory, Inc. which began using the premises to sell telephones. After Angroson demanded payment for its services, I.C.I. paid $25,000 but refused to pay the full amount due under the contract terms. Both I.C.I. and Fone Factory, Inc. disclaimed any liability on the contract.

Finally, Angroson filed suit against I.C.I. and Fone Factory, Inc. alleging alternative theories of recovery. Angroson sought either to recover damages for breach of contract or to recover the reasonable value of its services in quantum meruit. However, before any issues were given to the jury, Angroson withdrew its breach of contract claim, including its allegation that Fone Factory, Inc. had ratified the contract, and relied solely on quantum meruit for recovery.

The jury verdict awarded Angroson the reasonable value of its services and attorney's fees. The judgment entered on this verdict decreed that Angroson recover from I.C.I. and Fone Factory, Inc., jointly and severally, a total recovery of $52,042.36 plus additional costs in the event of appeal. Later, the trial court, however, set aside its judgment finding that: (1) there was a valid contract between Angroson and Ramirez which precluded recovery in quantum meruit; and (2) the introduction of the written contract into evidence without limitation established the validity of the contract and precluded recovery in quantum meruit. From this adverse judgment n.o.v., Angroson brought this appeal.

## I. THE VALIDITY OF THE CONTRACT

First, we consider whether the contract for the construction work executed by Ramirez, an unauthorized agent, is a valid contract. The rule has long been established in Texas that a party cannot recover in quantum meruit if a valid, express contract covers the same subject matter. *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 86 (Tex. 1976). Consequently, in the instant case, if there exists a valid, enforceable contract between Angroson and Ramirez, then Angroson cannot recover in quantum meruit from Fone Factory. Angroson's sole remedy would be to sue Ramirez for breach of contract. Because there was no jury issue submitted on the validity of the contract, the contract is enforceable only if it is valid as a matter of law.

The evidence shows that the contract itself was solely between Angroson and Fone Factory, Inc. Ramirez signed the contract on behalf of Fone Factory, Inc. as its agent, not in his individual capacity. Under Texas law, whenever an unauthorized agent enters into a contract on behalf of his principal, the agent is liable to the other party for damages for his breach of an implied warranty of authority to contract. *Heard v. Clegg*, 144 S.W. 1145, 1148 (Tex.Civ.App.—Fort Worth 1912, writ ref'd). The claim against the agent is not based on the contract itself, but on the agent's implied warranty of authority and damages flowing from his misrepresentation. *Id.* Thus, the agent is not liable on the contract, and the contract is not enforceable.

As one of the earliest Texas cases announcing this doctrine, the court in *Heard* stated:

The fact that one assumes to act as agent for another in signing an obligation in the name of such other without authority *does not bind the acting agent on the contract.* The damages in such

case are measured by the injuries resulting from the want of power, and not by the terms of the contract.

*Id.* (emphasis added). Following *Heard* was *White v. Roughton*, 201 S.W. 679 (Tex. Civ.App.—Amarillo 1918, no writ). In *White*, the plaintiffs had entered into a contract with an agent who, without authority, executed the contract on behalf of his mother. The trial court found that the plaintiff could recover the liquidated damages stipulated in the contract from the agent. In reversing, the court of civil appeals restated the *Heard* doctrine and concluded that the plaintiffs could recover from the agent only on his breach of warranty, not on the contract. *Id.* at 680–81.

The major case cited by Angroson in support of this rule is *Colbert v. Dallas Joint Stock Land Bank*, 136 Tex. 268, 150 S.W.2d 771, 773 (1941). In *Colbert*, an agent, exceeding his authority, made a contract with a real estate broker to pay a commission if the broker secured a buyer for a ranch. The contract was made on behalf of a bank, the owner of the land. The broker found a buyer who purchased from the bank one-half of the ranch. Later, the broker sued the bank in quantum meruit for his unpaid commission. The *Colbert* opinion stated two distinct grounds that rendered the contract unenforceable: (1) the broker had failed to provide a purchaser for the entire ranch and (2) the agent was not authorized to bind the bank. *Id.* 150 S.W.2d at 772–73. The court stated: "[I]f valuable services were rendered for the bank and the bank knowingly accepted them ... the value of such services may be recovered on quantum meruit, *even though the contract is unenforceable on account of Gay's [the agent's] want of authority* to make it or for some other reason." *Id.* 150 S.W.2d at 773 (emphasis added).

In the instant case, Fone Factory mistakenly argues that the only reason the broker in *Colbert* could not sue on the contract was because he had failed to comply with the contract terms and provide a purchaser for the entire ranch. We disagree. The

unenforceability of the contract due to the agent's lack of authority was not only stated in the opinion, but was extensively quoted in a later case, *Blalack v. Johnson*, 293 S.W.2d 811, 818–19 (Tex.Civ.App.—Texarkana 1956, no writ). The court in *Blalack*, citing *Colbert*, held that a surveyor could recover in quantum meruit from a defendant whose attorney, acting without authority, made an invalid contract for the survey work in behalf of the defendant. *Id.* at 818–20.

From these decisions, the rule of law that controls the present case is well established: a contract executed by an unauthorized agent, who makes the agreement on behalf of another, not in his individual capacity, is not enforceable. The aggrieved party may recover the value of his services in quantum meruit or damages from the agent resulting from the agent's breach of warranty. This rule is based upon fundamental contract law. When an unauthorized agent executes a contract in his representative capacity, no consideration or benefit is conferred upon the agent; hence, the agreement is not supported by consideration and is not binding. Furthermore, the aggrieved party, under this rule, cannot have a double recovery. He cannot recover in quantum meruit and also recover from the agent since his cause of action against the agent is limited to damages flowing from the agent's breach of warranty.

Fone Factory, however, asserts that *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964), bars Angroson's quantum merit claim. *Woodard* is distinguishable from the present case. In *Woodard*, Southwest States made a contract with Salberg. The jury found that Salberg was an independent contractor when the contract was negotiated. *Id.* at 675. Salberg had contracted in his own individual capacity, not as an agent. In the present case, the contract was expressly made between Angroson and Fone Factory, Inc., and the unauthorized employee, Ramirez, signed only as an agent. The *Woodard* decision precluding recovery in quan-

tum meruit when there exists a valid contract between a corporation and an independent contractor does not apply to the present case. In conclusion, we hold that the contract between Angroson and Fone Factory, Inc. which was executed by an unauthorized agent is not enforceable; hence, Angroson is not barred from recovery in quantum meruit.

## II. THE PLACEMENT OF THE CONTRACT INTO EVIDENCE

We next consider Fone Factory's argument that the admission into evidence, without limitation, of Angroson's contract with Fone Factory, Inc. precludes a recovery in quantum meruit. Fone Factory concedes that, under Rule 48 of the Texas Rules of Civil Procedure, a plaintiff can plead breach of contract and quantum meruit alternatively. Nevertheless, Fone Factory maintains that the admission into evidence of Angroson's contract with Fone Factory, Inc. automatically established its validity and thus barred its quantum meruit claim. We disagree. Under this argument, if a litigant introduces evidence in support of a claim, his alternative claims are barred. Consequently, to adhere to Fone Factory's argument would be to undermine the right to plead alternatively under Rule 48.

The only case Fone Factory cites for this contention is *Musick v. Pogue,* 330 S.W.2d 696 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). The *Musick* case, however, does not address this issue. In *Musick,* the plaintiff presented evidence of an enforceable contract between the parties at a default judgment hearing. The plaintiff, also proved a quantum meruit claim over the same subject matter as the contract claim. The court held that the plaintiff could not recover in quantum meruit because the proof of the valid contract was "clear, positive and unequivocal," and the plaintiff was bound by the terms of the agreement. *Id.* at 698–99.

If, however, evidence of a contract is introduced at trial and other evidence is admitted which disproves the validity of the contract, the plaintiff is not barred from recovery in quantum meruit, if he pleaded both theories. In *Blalack,* 293 S.W.2d at 816–17, evidence was presented of a contract between a surveyor and the defendant. However, additional evidence showed that the contract was negotiated by the defendant's attorney who acted without authority. The evidence at trial disproved the validity of the contract, and the court of civil appeals affirmed the judgment allowing the plaintiff to recover in quantum meruit. *Id.* at 818–20. Likewise, in the present case, evidence was presented of a contract between Angroson and Fone Factory, Inc. At trial, Fone Factory, Inc. disclaimed any liability on the contract and, as explained above, the employee who signed the agreement was not himself personally liable on the contract. Therefore, the evidence at trial proved, not a valid contract, but rather an unenforceable one. Consequently, we hold that Angroson, in introducing into evidence the document of its contract with Fone Factory, Inc. did not prove the validity of the contract or bar its recovery, in quantum meruit. Our holding, like *Blalack's* and *Musick's,* accords with the general rule of Texas law cited by Angroson that a plaintiff may allege both a contract and a quantum meruit claim and "recover as the evidence might show." *Freeman v. Carroll,* 499 S.W.2d 668, 670 (Tex.Civ.App.—Tyler 1973, ref'd n.r.e.); and *Blalack,* 293 S.W.2d at 820.

## III. SUFFICIENCY OF EVIDENCE

Fone Factory, in cross-points of error, attack the sufficiency of evidence to support the imposition of liability and the award of attorney's fees. In reviewing sufficiency of evidence, we consider all the evidence and uphold the findings of fact unless they are so against the weight and preponderance of the evidence as to be manifestly unjust or clearly erroneous. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). In the present case, the jury awarded Angroson a sum for the reasonable value of its services and attorney fees. The court, in originally rendering a

judgment on the verdict, found Fone Factory, Inc. and I.C.I. jointly and severally liable.

Recovery is permitted in quantum meruit to prevent unjust enrichment. The elements of quantum meruit include proof that:

1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Bashara v. Baptist Memorial Hospital,* 685 S.W.2d 307, 310 (Tex.1985).

In the present case, Larry Christensen, president and the sole shareholder of I.C.I. and of Fone Factory, Inc., testified that he was aware of the construction work going on but did not directly oversee or supervise the work since that responsibility was given to Ramirez. Steven Hurst, then vice-president of Angroson, testified that he met with Ramirez and Paul Sayers, an architect, and renovated the store according to the plans given him by the architect. The architect's plans indicate that the plans were drawn up for Fone Factory, Inc. Ramirez testified that he showed the Angroson contract to Christensen after he had signed it. He further stated that Christensen was happy that he had secured a reduction of the contract price to $61,000.

The evidence indicates that, after discovering the existence of the contract, Christensen did not stop the work or inform Angroson that Ramirez was not authorized to bind Fone Factory, Inc. Indeed, Ramirez was given the responsibility of supervising the construction. The evidence also shows that both I.C.I., as the primary tenant of the Collin Creek Mall space, and Fone Factory, Inc., as the sublessee, benefited from Angroson's construction work. In addition, the $25,000 payment made by I.C.I. for the work is further evidence that I.C.I. accepted and benefited from Angroson's services with knowledge of Angroson's expectation of payment. We hold that, in the present case, there is sufficient evidence to show: 1) Angroson performed valuable services for I.C.I. and Fone Factory, Inc.; 2) both companies accepted, used, and enjoyed these services; and 3) both companies knew that Angroson expected to be paid. We overrule Fone Factory's cross-point of error.

I.C.I., however, contends that, if we hold that Angroson may recover in quantum meruit, only Fone Factory, Inc. should be liable. We disagree. The evidence shows that, as president and sole shareholder of both corporations, Christensen had full control of both businesses. He leased the Collin Creek Mall space on behalf of I.C.I. He also subleased that space to Fone Factory Inc., acting as agent for both I.C.I. and Fone Factory, Inc. He made a loan application for renovation of the store, and after the construction work was finished, he purchased a cashier's check with I.C.I.'s funds to pay Angroson for the work. There is no evidence of any person other than Christensen who had authority to bind either Fone Factory, Inc. or I.C.I. Thus, we conclude Christensen was in the position of the sole agent and general manager of both corporations.

The general manager of a corporation occupies the position of a general agent. *Sealy Oil Mill & Manufacturing Co. v. Bishop Manufacturing Co.,* 235 S.W. 850, 852 (Tex.Comm'n App.1921, opinion adopted); and *W.B. Dunavant & Co. v. Southmost Growers, Inc.,* 561 S.W.2d 578, 582 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Because a corporation can act only through its agents, the acts of the general manager are the acts of the corporation. *W.B. Dunavant,* 561 S.W.2d at 582. The underlying rational of the rule is that, because a corporation operates through individuals, the privity and knowledge of individuals, at certain levels of responsibility, must be imputed to the corporation or else it could always escape lia-

bility. *Coryell v. Phipps*, 317 U.S. 406, 410–11, 63 S.Ct. 291, 293, 87 L.Ed. 363 (1943); *Continental Oil Co. v. Bonanza Corp.*, 706 F.2d 1365, 1376 (5th Cir.1983).

Consequently, Christensen's knowledge of the invalid contract, of the construction work, and of Angroson's expectation of payment is imputed to both I.C.I. and Fone Factory, Inc. *Phillip v. Hopwood*, 329 S.W.2d 452, 455 (Tex.Civ.App.—San Antonio 1959, no writ); *cf. United States Fidelity & Guaranty Co. v. San Diego State Bank*, 155 S.W.2d 411, 413–14 (Tex.Civ. App.—El Paso 1941, writ ref'd w.o.m.) (the knowledge of an agent of two corporations was imputed to both corporations). In addition, Christensen's conduct in permitting the construction work after having knowledge of Ramirez's purported contract is binding on both corporations. *W.B. Dunavant*, 561 S.W.2d at 582. The payment of $25,000 by I.C.I. is further evidence of I.C. I.'s acceptance of the benefits of the work performed.

In summary, we hold that Christensen's actions were on behalf of both corporations and binding on both. The evidence is sufficient to hold both I.C.I. and Fone Factory, Inc. liable for Angroson's recovery in quantum meruit and Angroson's recovery of attorneys' fees. We overrule this point of error.

## IV. ATTORNEYS' FEES

■ First, Fone Factory contends that article 2226 of the Revised Civil Statutes permits the recovery of attorneys' fees only where there is a contractual relationship between the persons supplying the labor or materials and the person against whom the claim is asserted. We disagree. Article 2226, which is now found in the Texas Civil Practices and Remedies Code, §§ 38.001–.006 (Vernon 1986), allows the recovery of attorneys' fees for a valid quantum meruit or contract claim. Article 2226, as amended in 1979, which is the controlling statute in this case, expressly allows attorneys' fees for "a valid claim ... for services rendered, labor done, material furnished ... or suits founded on oral or written contracts." Additionally, the courts have upheld the recovery of attorney fees for quantum meruit under article 2226. *Ferrous Products Co. v. Gulf Trading Co.*, 160 Tex. 399, 332 S.W.2d 310, 312 (1960); *Duval County Ranch Co. v. Alamo Lumber Co.*, 597 S.W.2d 528, 530 (Tex. Civ.App.—Beaumont 1980, writ ref'd n.r. e.). Because we uphold the quantum meruit claim against Fone Factory, Inc. and I.C.I., we likewise uphold the attorneys' fee award under article 2226. We overrule Fone Factory's cross-point of error.

■ Second, I.C.I. argues that no demand was made as required under article 2226. We cannot agree. Angroson's letter to I.C.I. dated August 25, 1981 (designated as plaintiff's exhibit no. 4) gave a cost breakdown of the work done with the total charge stated as $59,734.00. The letter also stated: "If you have any questions about this breakdown or any other items, please call me immediately so as not to delay payment of the invoices on this project any further." We hold that this letter was sufficient notice of Angroson's demand for payment from I.C.I. for the purpose of article 2226. We overrule I.C. I.'s point of error.

■ Third, Fone Factory argues that because Angroson failed to segregate the attorneys' fees between the work performed on the various asserted causes of action, the award should be denied. We disagree. The only claim submitted to the jury was the quantum meruit claim. Therefore, all the submitted issues concerning attorneys' fees related only to the quantum meruit cause of action. In addition, Fone Factory did not object to any submitted issues. Any error, therefore, is waived. *Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649, 650 (Tex.1985). We have reviewed the entire record of testimony concerning the attorneys' fees and conclude that jury findings are not clearly erroneous or manifestly unjust. We overrule Fone Factory's cross-point of error.

## V. EXPERT WITNESSES

The final issue we address is whether the trial court erred in excluding Fone Factory's expert witness who was not disclosed as required by a pretrial discovery order. Fone Factory failed to make a bill of exceptions to show what the excluded testimony would have been. Consequently, they have not shown any reversible error. *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155, 159 (Tex. 1945); *Loomis v. Skillerns—Loomis Plaza, Inc.,* 593 S.W.2d 409, 411 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). We overrule Fone Factory's final cross-point of error.

Reversed.