**W & W OIL COMPANY, Appellant,**

**v.**

**Mike & R.N. CAPPS, Capps Construction Company, Appellees.**

**No. 12–87–00220–CV.**

Court of Appeals of Texas, Tyler.

Jan. 19, 1990.

Lee Sammons, Sammons, & Parker, Tyler, for appellant.

Robert Underwood, Carthage, for appellees.

OPINION ON REHEARING

BILL BASS, Justice.

After consideration of the motion for rehearing, we grant the motion, withdraw our original opinion and substitute the following opinion. W & W Oil Company (hereinafter "W & W") appeals from a

---

judgment rendered on the theory of quantum meruit in favor of Capps Construction Company (hereinafter "Capps") for goods and services provided to W & W. By three points of error, Capps contends the trial court erred by failing to assess damages against the co-defendant and by granting judgment upon legally and factually insufficient evidence. We reverse and remand.

In July of 1985, W & W and Sam Hooper purchased the Strickland lease. In August 1985 they entered into a farm-out agreement with Devonian Corporation (hereinafter "Devonian") governing the lease.

Capps furnished goods and services for the Strickland lease at the request of Devonian from August 20 until November 15, 1985. Capps was unaware of the farm-out agreement.

After completion of the work, Capps sent Devonian invoices for the work. However, Devonian never paid for the work and services it had requested. In fact, Devonian's check to W & W for the farm-out agreement "bounced" in November of 1985. W & W exercised the right under the agreement to terminate Devonian's interest and to reassume control of the lease.

After completion of the work and after the final bill had been sent to Devonian, R.N. Capps (co-owner of Capps Construction) discussed Devonian's failure to pay with Ernest Thornton, President of W & W. Thornton promised to pay for the completed work, but later refused to pay.

Capps sued W & W and Devonian under the theories of an express contract, sworn account, quantum meruit, and promissory estoppel. W & W answered that it was not responsible for payment for the work because Capps furnished the goods and services solely for and at the instance of Devonian. Although properly served, Devonian neither answered Capps' claims nor appeared in court. Sitting without a jury, the trial court found for Capps against W & W in the amount of $23,004.49 based on the equitable theory of quantum meruit.

■ By its second point of error, W & W complains the trial court erred in granting the judgment on the basis of quantum meruit. W & W relies on the general rule that where there exists a valid express contract covering the subject matter there can be no implied contract. *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964). Therefore, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be precluded from recovering in quantum meruit if there is an express contract covering those services or materials. *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988); *Woodard*, 384 S.W.2d at 675.

■ This rule is applicable not only when the plaintiff is seeking to recover in quantum meruit from the party with whom he expressly contracted, but also as in the situation before us, when the plaintiff is seeking recovery from a third party foreign to the original contract but who benefitted from its performance. *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80 (Tex.1976), *overruled on other grounds*, 767 S.W.2d 686, 690 (Tex. 1985); *Morales v. Dalworth Oil Co.*, 698 S.W.2d 772 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *see also Angroson, Inc. v. Independent Communications, Inc.*, 711 S.W.2d 268 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

■ Capps argues that there is no finding of fact to support W & W's contention that the subject matter was covered by an enforceable contract. The court found Devonian ordered the personal property shown on the invoices, that Capps delivered the items, and that Devonian agreed to pay $24,509.99. R.N. Capps himself testified that Devonian ordered the work and Capps completed the performance of such work and billed the agreed amount to Devonian. There is nothing in the record to controvert the existence of a contract between Capps and Devonian. Therefore, the evidence supports the findings of fact and conclusively establishes the existence of an enforceable express contract between Devonian and Capps.

There are a number of recognized exceptions to the *Woodard* rule. For example, if the contract is invalid, abandoned, or if it is partially performed without the fault of the

party seeking to recover in quantum meruit, the existence of the express contract covering the subject matter will not preclude recovery in quantum meruit. *Angroson, Inc.,* 711 S.W.2d at 268; *Benson v. Harrell,* 324 S.W.2d 620, 623 (Tex.Civ.App. —Fort Worth 1959, writ ref'd n.r.e.); *Dankowski v. Cremona,* 352 S.W.2d 334, 336 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.); *see generally* Tex. Jur. 3d *Restitution and Constructive Trusts* § 16 (1989).

Capps also contends that even if Capps and Devonian expressly contracted for the work done, the contacts and prior relationship between Capps and W & W are circumstances that place the case within an exception to the *Woodard* rule, relying on the case of *Thomason v. Freberg,* 588 S.W.2d 821 (Tex.App.–Corpus Christi 1979, no writ). However, the facts in *Thomason* demonstrate that the case fits easily within a recognized exception to the general rule in that the plaintiff partially performed the contract, and such incomplete performance was caused by defendant's actions which prevented the plaintiff's completion of performance. Although the appellate court discussed the significance of prior contacts between the parties, the discussion related to the question of the sufficiency of the evidence to prove one of the essential elements of quantum meruit, i.e., whether the party sought to be charged was reasonably notified that the party performing the work would look to him to be paid.

The trial court's judgment recites that Capps' recovery rests in quantum meruit. The trial court is in error. There is no evidence of circumstances that would bring the case within an exception to the general rule. A valid, express contract covered the subject matter and therefore Capps is limited to recovery on the contract. *Morales,* 698 S.W.2d at 775. W & W's second point of error is sustained.

The court is of the opinion that the case was tried on the wrong theory of law and therefore the interest of justice will be served by retrial of the cause. Tex.R. App.P. 81(c).

The judgment of the trial court is reversed and remanded.