Opinion issued June 16, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00591-CV

———————————

Christus Health d/b/a Uniform Services Family Health Plan, Appellant

V.

Quality
Infusion Care, Inc., Appellee



 



 

On Appeal from the 215th District Court

Harris County, Texas



Trial Court Case No. 2005-65623

 



 

O P I N I O N

Christus
Health Services, d/b/a Uniform Services Family Health Plan (Christus) manages a
network of medical and healthcare providers in east Texas and western Louisiana.  The health plan is for active and retired
members of the Armed Services, their families, and survivors.  Quality Infusion Services (Quality) provided
medical services to several Christus members referred to it by a specialist in Christus’s
network.  Quality itself, however, was
not part of the network.  Christus paid
some of Quality’s invoices, but denied others on the basis that Quality had not
complied with the terms of the medical plan. 
Quality sued Christus to collect the unpaid invoices, claiming that Christus
breached its duty to pay or, alternatively, owed it an equitable recovery on a
quantum meruit theory.  

A jury trial culminated in findings
that Christus failed to comply with the medical plan by denying Quality payment,
but that the failure to comply was excused. 
The jury also awarded Quality quantum meruit recovery in the amount of
$225,000.  The trial court entered
judgment on the jury’s quantum meruit findings. 
Christus appeals, seeking reversal on the grounds that: (1) the
existence of an express contract covering the medical treatments at issue precludes
quantum meruit recovery; (2) the evidence does not support findings that Christus
“accepted,” “used,” or “enjoyed” the services and pharmaceutical drugs provided
by Quality required for quantum meruit recovery; and (3) federal law preempts
Quality’s quantum meruit claim.  We hold
that the express contract rule bars Quality from a quantum meruit recovery and
reverse.




 

Background

Christus manages a health benefits
network for military families and survivors covered under TRICARE, a DoD healthcare
program.  “TRICARE was established to
operate the Military Health Service, and has evolved into a partnering
structure that is unique to both Government and civilian healthcare sectors.”  Axiom
Res. Mgmt., Inc. v. United States, 78 Fed. Cl. 576, 578 n.3 (2007)
(internal quotation omitted).  TRICARE in
the United States is divided into the North, South, and West Regions.  Most of Texas comes within the purview of the
South Region contractor, Humana Healthnet.  The DoD designates and contracts with health
benefits providers within each region, like Christus, who compete to enroll TRICARE
members.  The DoD pays each provider a
fixed rate for each enrolled member per month for their managed healthcare.

Dr. Paul Proffitt, a specialist in
the Christus network, referred several of his patients to Quality for infusion therapy
services.  Quality is a pharmacy licensed
to provide infusion therapy services, such as chemotherapy, to individuals in
their homes.  

Under the TRICARE operations manual
Quality is classified as a “non-network participating provider.”  Unlike a “participating network provider,” which
has contracted with Christus to become part of its healthcare network,
“non-network participating providers” have not contracted with Christus.  Christus’s contract with the DoD requires Christus
to bear the cost of treatment by a non-network provider if a network specialist
refers a patient to the provider.  

Quality, however, in some instances
provided the medication and services to Dr. Proffit’s patients before it received
authorization to do so from Christus.  Christus
later authorized and paid some claims but denied others.  

          Quality
then sued Christus to recover the amount of unpaid charges it billed to Christus
for the infusion of drugs and related nursing services Quality provided to Christus
members.  After hearing the evidence, the
jury affirmatively answered the question, “Did [Christus] fail to comply with
the medical plan by denying payment to [Quality]?”[1]  The jury decided, however, that Christus’s
failure to comply with the medical plan was excused because Quality did not comply
with the terms and requirements of the medical plan by failing to obtain proper
authorization before it provided services to the patients.  

          In
addressing the quantum meruit issue, the jury answered “yes” to the following:

Did [Quality] perform
compensable work for [Christus]?

One party performs compensable work if
valuable services are rendered or materials furnished for another party who
knowingly accepts and uses them if the party accepting them should know that
the performing party expects to be paid for the work.

The jury found that the reasonable value of Quality’s
compensable work was $225,000.  The trial
court entered judgment on the verdict, adding prejudgment interest and
attorney’s fees for a total of $339,082.19. 
The judgment dismissed Quality’s claims under the Texas “Any Willing
Provider” statute and the Texas Insurance Code, as well as its claim for
negligent misrepresentation, and Quality does not appeal those dismissals.

          Christus
timely appealed.

Discussion

I.       Standard
of Review

Both the existence of an express
contract and federal preemption are affirmative defenses to Quality’s state law
quantum meruit claim.  See Tricon Tool & Supply, Inc. v.
Thumann, 226 S.W.3d 494, 500 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied) (noting that express contract is affirmative defense to quantum meruit
claim); Harrill v. A.J.’s Wrecker Serv.,
Inc., 27 S.W.3d 191, 194 (Tex. App.—Dallas 2000, pet. dism’d w.o.j.) (observing
that preemption is affirmative defense (citing Kiefer v. Cont’l Airlines, Inc., 882 S.W.2d 496, 497–98 (Tex. App.—Houston
[1st Dist.] 1994), aff’d, 920 S.W.2d
274 (Tex. 1996))).  A party that asserts
an affirmative defense bears the burden of proving it.  Tricon
Tool & Supply, 226 S.W.3d at 501. 
In the absence of specific jury findings on these affirmative defenses,
we consider whether Christus has established each element of its defense
conclusively and whether reasonable minds could not differ as to the truth of
the controlling facts.  See Brown v. Zimmerman, 160 S.W.3d 695,
702 (Tex. App.—Dallas 2005, no pet.); Brown
v. Shores, 77 S.W.3d 884, 885 n.2 (Tex. App.—Houston [14th Dist.] 2002, no
pet.).  In reviewing the express contract
issue, we note the jury’s findings that Christus failed to pay for medical
services under the plan but was excused from doing so.  

II.      Quantum
meruit 

Quantum meruit “is founded [on] the
principle of unjust enrichment.”  Bashara v. Baptist Mem’l Hosp. Sys., 685
S.W.2d 307, 310 (Tex. 1985).  Unjust
enrichment is an implied-contract theory stating one should make restitution
when it would be unjust to retain benefits received.  Walker
v. Cotter Props., Inc., 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no
pet.). Unjust enrichment allows recovery “when one person has obtained a
benefit from another by fraud, duress, or the taking of an undue advantage.”  Heldenfels
Bros., Inc. v. Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992).  It is “based upon the promise implied by law
to pay for beneficial services rendered and knowingly accepted.”  In re
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 740 (Tex. 2005) (internal
quotation marks omitted). 

But an express contract between the
parties precludes a plaintiff from recovering for services rendered in quantum
meruit if the contract covers those services or materials and if no exception
to the general rule applies.  See Fortune Prod. Co. v. Conoco, Inc.,
52 S.W.3d 671, 683–84 (Tex. 2000); Pepi
v. Galliford, 254 S.W.3d 457, 462 (Tex. App.—Houston [1st Dist.] 2007, pet.
denied); see also Woodard v. Sw. States,
Inc., 384 S.W.2d 674, 675 (Tex. 1964) (“Recovery on an express contract and
on quantum meruit are inconsistent.”).  The
equitable remedy of quantum meruit is therefore unavailable when an express
contract covers the subject matter at issue—the party seeking compensation has
a legal remedy under the contract.  See id. (citing Heldenfels Bros., 832 S.W.2d at 41); see also Hester v. Friedkin Cos., Inc., 132 S.W.3d 100, 106 (Tex.
App.—Houston [14th Dist.] 2004, pet. denied) (holding that express contract bar
applies not just when plaintiff is seeking to recover in quantum meruit from
party with whom it expressly contracted, but also when plaintiff is seeking to
recover “from a third party foreign to the original contract but who benefitted
from its performance”) (quoting Iron
Mountain Bison Ranch Inc. v. Easley Trailer Mfg., Inc., 42 S.W.3d 149, 160
(Tex. App.—Amarillo 2000, no pet.)).  

Christus contends that an express
contract bars Quality from recovering in quantum meruit.  Quality first responds that Christus waived
the express contract defense by failing to plead it or cite it as a ground for
summary judgment, motion for directed verdict, or motion for judgment
notwithstanding the verdict.  See Tricon Tool & Supply, Inc., 226
S.W.3d at 500 (“The defendant must plead and prove the affirmative defense of
an express contract or the defendant waives it.” (citing Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 685 (Tex. 2000)).  It was Quality, however, that invoked rights
under the contract.  In its live
pleadings at the time of trial, Quality asserted claims for breach of contract
as both assignee and third-party beneficiary of the Christus members to whom it
provided prescribed medication and services. 
Quality sued under the medical plan directly, based on its treatment of
patients who were referred to Quality by their Christus-designated primary care
physician, and indirectly, based on the written assignments of rights it
obtained from the members it had treated. 
Quality characterized its quantum meruit claim as an alternative ground
for relief.  At trial, Quality continued
to proceed under both theories, submitting both breach of contract and quantum
meruit issues in the jury charge.  In its
answer, Christus invoked the contract defenses of failure to meet a condition
precedent, anticipatory repudiation, prior material breach, and failure to
mitigate.  The jury heard evidence on
these issues and made affirmative findings on the questions of breach and
excuse.  These findings necessarily refer
to the existence of a contract.  See Tex.
R. Civ. P. 279; Valero Mktg. &
Supply Co. v. Kalama Int’l, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st
Dist.] 2001, no pet.) (reciting that existence of contract is essential element
of action for breach of contract).  

The court decides the legal
question of whether an express contract covers the services at issue.  Gulf
Liquids New River Project, LLC v. Gulsby Eng’g, Inc., No. 01–08–00311–CV, 2011
WL 662672, at *12 (Tex. App.—Houston [1st Dist.]. Feb. 17, 2011, no pet. h.).  “When the evidence shows that no contract
covers the service at issue, then the
question of whether a party may recover in quantum meruit is for the trier of
fact.”  Id. (emphasis in original).  Here,
the medical plan covers the same medication and services to its members as
those provided by Quality, albeit through an approved network provider—not
through Quality.  But, Quality cannot
avoid the express contract bar to its quantum meruit claim on the ground that Christus
did not designate Quality as an approved network provider or otherwise treat
Quality as a party to the medical plan for purposes of providing those
services.  The express contract bar
applies not only when the plaintiff seeks to recover in quantum meruit from the
party with whom he expressly contracted, but also when the plaintiff seeks
recovery from a third party foreign to the original contract but who benefitted
from its performance.  W&W Oil Co. v. Capps, 784 S.W.2d
536, 537 (Tex. App.—Tyler 1990, no writ) (citing Black Lake Pipe Line Co. v. Union Constr. Co., 538 S.W.2d 80 (Tex. 1976),
overruled on other grounds, 767
S.W.2d 686, 690 (Tex.1985)); see also San
Antonio Masonry & Tool Supply, Inc. v. Epstein & Sons Int’l, Inc.,
281 S.W.3d 441, 445–46 (Tex. App.—San Antonio) (holding that express contract
between supplier and subcontractor for masonry materials barred supplier’s
quantum meruit claim against general contractor for value of materials
provided), judgment vacated pursuant to
settlement, No. 04-04-00032-CV, 2005 WL 1458065 (Tex. App.—San Antonio Jun.
22, 2005).  We hold that the trial court
erred in awarding judgment in favor of Quality on the jury’s quantum meruit
finding because the express contract rule bars a quantum meruit recovery here as
a matter of law, given the jury’s implied findings that a contract existed, and
express finding that Christus’s failure to comply was excused—coupled with evidence that Quality failed to
seek pre-authorization for treatment, as the agreement required.  See  Pepi
Corp., 254 S.W.3d at 462–63; see also
Bado Equip. Co., Inc. v. Bethlehem Steel Corp., 814 S.W.2d 464, 473 (Tex. App.—Houston
[14th Dist.] 1991, no writ) (holding that summary judgment was proper on unjust
enrichment claim brought by seller of cranes [against purchaser, constructor of
rig, corporation that subsequently purchased rig, and second corporation which,
along with constructor, was joint owner of corporation that purchased rig]
because of express contract covering goods); Econ. Forms Corp. v. Willams Bros. Constr. Co., Inc., 754 S.W.2d
451, 458–59 (Tex. App.—Houston [14th Dist.] 1988, no writ) (holding general
contractor not liable in quantum meruit for unpaid party who had lease
agreement with subcontractor covering materials provided by party because
express contract covered materials).

Conclusion

          We
hold that the trial court erred in awarding judgment in favor of Quality on the
jury’s quantum meruit finding.  We
therefore reverse the judgment of the trial court and render judgment that
Quality take nothing from this suit.  All
other pending motions are dismissed as moot.

 

 

                                                                   Jane
Bland

                                                                   Justice

 

Panel
consists of Justices Keyes, Higley, and Bland.











[1]
          The term “medical plan” refers to the “US Family Health Plan Resource
Directory,” which contains information for members and prospective members
about enrollment requirements, benefits, claims processing, the scope of coverage,
and procedures for obtaining treatment and services.