ACCEPTED
01-15-00188-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 12:03:11 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00188-CV

**IN THE COURT OF APPEALS**
**FOR THE FIRST JUDICIAL DISTRICT**
**OF TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/25/2015 12:03:11 PM
CHRISTOPHER A. PRINE
Clerk

**MARK F. HANKS,**

**APPELLANT,**

**VS.**

**THE HUNTINGTON NATIONAL BANK,**

**APPELLEE**

_____

## APPELLEE'S UNOPPOSED MOTION FOR LEAVE TO FILE AND FOR EXTENSION OF TIME TO FILE APPELLEE'S FIRST SUPPLEMENTAL BRIEF

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, The Huntington National Bank, Appellee herein, and files this its Unopposed Motion for Leave to File and for Extension of Time to File Appellee's First Supplemental Brief and in support would respectfully show the Court as follows:

### I. BACKGROUND

Appellant is contesting Appellee's right to possession of a piece of residential real property in Houston. Appellee is in title to that real property by virtue of a non-judicial foreclosure sale that occurred on September 3, 2013. Appellee requests an extension of time to file its First Supplemental

Brief.  Appellant reportedly remains in possession of the residential real property at issue and will not be damaged or harmed by any extension.  Appellee continues to pay the ad valorem taxes and maintain casualty insurance on the property.

## II. CURRENT PROCEDURAL STATUS

The matter is before the Court on an appeal after a non-jury trial in the County Civil Court at Law No. 4 of Harris County, Texas, wherein judgment entered on February 23, 2015, in favor of Plaintiff for possession of certain Harris County real property. The underlying lawsuit is a forcible detainer action following a non-judicial foreclosure sale which occurred on September 3, 2013, as indicated above. Notice of Appeal was subsequently filed by Defendant/Appellant. Appellant's Brief was filed on or about October 6, 2015. Appellee's Brief was due November 5, 2015. One prior extension of time was requested and granted, extending the due date for Appellee's Brief to November 20, 2015. Appellee's Brief was timely filed, but that filing was rejected on November 23, 2015. The basis of the rejection was corrected and refiling of Appellee's Brief is occurring contemporaneously with the filing of this motion. Appellee had inquired by facsimile on November 23, 2015, about Appellant's counsel's position on the relief sought herein.  Appellant's counsel responded indicating that Appellant was not opposed.

Appellee's counsel noticed in reviewing Appellee's Brief after filing it that case law citations were unintentionally and inadvertently omitted which supported Appellee's position that an express agreement trumps any implied-in-fact lease agreement. Those omitted case law citations are (a) <u>J.C. Woodard v. Southwest States, Inc.,</u> 384 S.W.2d 674 (Tex. 1064); and (b) Vortt Exploration Company, Inc. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990). They should have been cited in reply to Appellant's first and second points of error and the argument in response to those two (2) points of error. The existence of and admissibility of an implied-in-fact lease agreement is the unpled affirmative defense upon which Appellant's first and second issues/points of error are based. It is Appellant's position that an implied-in-fact lease agreement gave Appellant the right to receive a ninety (90) notice to vacate. The trial court's rulings on Appellant's requests at trial regarding the evidence of an implied-in-fact lease agreement which are the basis of Appellant's first and second issues/points of error. For the reasons stated above, the preparation and filing of Appellee's Brief has not been completed. Accordingly, this motion for leave and to extend is being filed and Appellee seeks an extension of ten (10) days for the filing of its First Supplemental Brief.

### III. <u>APPELLEE'S BASIS FOR EXTENSION.</u>

Appellee would show that good cause exists for leave of Court to file its first supplemental brief and for an extension of Appellee's time to file that supplemental brief. An extension of time to file that brief will not damage or harm Appellant, who reportedly continues to occupy the premises at issue. Appellee seeks additional time to file its first supplemental brief to provide the Court the case law citations on express agreements v. implied-in-fact agreements. Ten (10) additional days would be sufficient and may be needed as the Thanksgiving holiday period encompasses much of those ten (10) days.

**IV.   ARGUMENT.**

Pursuant to Tex. R. App. Pro. 10.5(b) and 38.7, Appellee seeks leave of the Court to file its First Supplemental Brief and a ten (10) day extension of time to do so. Appellee has not had any prior extensions of time to file its first supplemental brief, although Appellee did have one fifteen (15) days extension of time to file its original Brief. An extension of time will not harm or injure Appellant or unduly disrupt this Court's schedule.   The undersigned has personal knowledge of the statements and factual basis for this motion.

WHEREFORE, PREMISES CONSIDERED, Appellee The Huntington National Bank prays that following consideration of Appellee's Unopposed Motion for Leave and for Extension of Time for Filing of

Appellee's First Supplemental Brief, any response thereto and the Court's record, this Court enter an Order granting Appellee's Motion and granting such other relief which may be appropriate.

Respectfully submitted,

/s/ Rex L. Kesler

_____
Rex L. Kesler
State Bar No. 11357500

2311 Canal Street, Suite 304
Houston, Texas 77003
(281) 501-3098 - Telephone
(281) 501-3191 - Telecopier
keslerhearings@gmail.com

Local Appellate Counsel
 for Appellee

## CERTIFICATE OF CONFERENCE

I hereby certify that I have contacted Appellant's counsel by facsimile regarding this motion and that he responded on November 24, 2015, by telephone message indicating that Appellant was not opposed.

/s/ Rex L. Kesler

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served in accordance with the Texas Rules of Civil Procedure and Appellate Procedure on Appellant or Appellant's counsel of record on this 25th day of November, 2015.

/s/ Rex L. Kesler

_____