**SAN ANTONIO MASONRY & TOOL SUPPLY, INC., Appellant,**

v.

**EPSTEIN & SONS INTERNATIONAL, INC. and Fidelity & Deposit Company of Maryland, Appellees.**

No. 04–04–00032–CV.

Court of Appeals of Texas, San Antonio.

Feb. 9, 2005.

Rehearing Overruled June 22, 2005.

---

**17.** Appellant's Brief on Direct Appeal at 5–6    (emphasis in original).

Kelly Putney Rogers, Douglas G. Burford, Grady B. Jolley, Nunley, Davis, Jolley & Hill, L.L.P., Boerne, for appellant.

Alex Aguirre, David P. Benjamin, O'Connell & Benjamin, L.L.P., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

San Antonio Masonry & Tool Supply, Inc. ("Masonry") appeals from a take nothing judgment rendered against it in its suit for foreclosure of a mechanic's lien, recovery on a bond, and quantum meruit. Masonry contends that the trial court erred in granting summary judgment for Epstein & Sons International, Inc. ("Epstein") and Fidelity & Deposit Company of Maryland ("Fidelity") because: (1) its suit to foreclose a mechanic's lien and recover on the bond was not time barred under the Texas Property Code; and (2) factual issues preclude summary judgment on its quantum meruit claim.

### Factual and Procedural Background

Masonry is a supplier of masonry material, tools, and equipment for the construction industry. Epstein is a corporation that engages in commercial construction projects throughout the United States. In this instance, Epstein served as the general contractor for HEB Grocery Company in the construction of a dispatch office building and trailer return center in San Antonio, Texas. In connection with that construction project, Epstein entered into a subcontract with San Antonio New Age, Inc. ("New Age"). In the course of performing under the subcontract, New Age purchased supplies from Masonry under an open account agreement. When New Age failed to fully pay for the purchased items, Masonry filed and recorded a mechanic's lien on January 17, 2001 in the amount of $9,820.58.[1] In response, Epstein filed a bond as indemnity against Masonry's mechanic's lien on July 24, 2001. Fidelity served as the surety on the bond. Masonry subsequently filed suit against New Age and its president, J.B. Gonzalez, asserting a claim based on a sworn account and breach of contract. In the same petition, Masonry sued Epstein based on quantum meruit. On April 14, 2003, Masonry amended its petition adding for the first time causes of action against Epstein and Fidelity for foreclosure of its mechanic's lien and recovery on the bond.

While the lawsuit was pending, Epstein and Fidelity filed a traditional summary judgment motion and motion for severance asserting that Masonry's suit to foreclose the mechanic's lien and recover on the bond was barred by limitations. Epstein also moved for summary judgment on the quantum meruit claim. The trial court granted summary judgment, without specifying the basis, and rendered a take nothing judgment in favor of Epstein and Fidelity.[2] Masonry timely filed this appeal.

### Standard of Review

■ We review a summary judgment *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945

---

1. Masonry prepared and notarized a "Notice of Filing Lien Affidavit and Fund Trapping letter from Derivative Claimant to Owner and Original Contractor," an "Affidavit Claiming Lien," and a "Sworn Statement of Account" regarding the unpaid funds due them for the masonry supplies.

2. At the time summary judgment was granted, the causes of action against New Age and J.B. Gonzalez were severed, allowing the summary judgment to become final.

S.W.2d 160, 162 (Tex.App.-San Antonio 1997, writ denied). We will uphold a summary judgment if the record establishes that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX.R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When, as in the instant case, the trial court enters a general summary judgment order, the summary judgment must be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### LIMITATIONS

Masonry first contends that the trial court erred in granting summary judgment because its lawsuit to foreclose the mechanic's lien and recover on the indemnity bond was not time-barred under the plain language of the Texas Property Code. We agree.

As a general rule, when a supplier like Masonry is not paid for labor or materials consumed in construction of improvements on real property, it may place a mechanic's lien against the property pursuant to the Texas Property Code. TEX. PROP.CODE ANN. § 53.021 (Vernon Supp.2004–05). Suit must then be filed to foreclose the lien within the time period set forth by statute. TEX. PROP.CODE ANN. §§ 53.157, .158 (Vernon Supp.2004–05). Specifically, in order to foreclose a statutory mechanic's lien, a lawsuit must be filed within two years after the last day a claimant may file the lien affidavit as provided by statute, or within one year after completion, termination, or abandonment of the work under

the original contract under which the lien is claimed, whichever is later. TEX. PROP. CODE ANN. § 53.158(a) (Vernon Supp.2004–05). Here, the parties do not dispute the adequacy and timing of the notices and lien affidavits presented by Masonry with respect to its mechanic's lien, and they do not dispute that the deadline for Masonry to file its lien affidavit was April 15, 2001.[3] Therefore, under section 53.158(a), Masonry had two years from April 15, 2001 to file suit. The record confirms Masonry filed suit to foreclose the lien in its amended petition on April 14, 2003. Accordingly, Masonry's suit to foreclose the lien was timely filed.

■ Masonry also claims that the trial court erred in granting summary judgment because its lawsuit to recover on the indemnity bond was not time-barred. The applicable statutory provision reads, "A party making or holding a lien claim may not sue on the bond later than one year after the date on which the notice is served or after the date on which the underlying lien claim becomes unenforceable under Section 53.158." TEX. PROP.CODE ANN. § 53.175(a) (Vernon Supp.2004–05). Epstein and Fidelity argue that the first part of the statute controls, citing the case of *Stolz v. Honeycutt. See Stolz v. Honeycutt*, 42 S.W.3d 305, 311 (Tex.App.-Houston [14th Dist.] 2001, no pet.) ("An action on the bond must be filed no later than one year after the date on which notice of the bond is served."). They maintain the summary judgment evidence establishes that Masonry received notice on the bond on July 27, 2001. Accordingly, it had one

---

**3.** The summary judgment evidence showed Masonry last delivered material to the HEB project site on December 4, 2000. Indebtedness to a subcontractor who has furnished materials accrues on the last day of the last month in which the material was furnished. TEX. PROP.CODE ANN. § 53.053(c) (Vernon Supp.

2004–05). Therefore, in this case, the indebtedness accrued December 31, 2000. The deadline for filing the lien affidavit is the 15th day of the fourth calendar month after the day on which the indebtedness accrues; or, in this case, April 15, 2001. TEX. PROP.CODE ANN. § 53.052(a) (Vernon Supp.2004–05).

year, or until July 27, 2002, to file suit on the bond. Since the summary judgment evidence establishes Masonry filed suit on the bond on April 14, 2003, nearly nine months later, Epstein and Fidelity maintain summary judgment was proper. We disagree.

Epstein and Fidelity fail to recognize that section 53.175(a) is worded in the disjunctive; the use of the word "or" plainly contemplates two alternative time periods in which to initiate a suit to recover on the bond. *See Texas A & M Univ. at Corpus Christi v. Hamann,* 3 S.W.3d 215, 217 (Tex.App.-Corpus Christi 1999, pet. denied)(choice to state limitation periods in the disjunctive demonstrates intent of legislature to provide alternative methods for determining limitations). In other words, a party making or holding a lien claim may not sue on the bond later than one year after the date on which the notice is served *or* after the date on which the underlying lien claim becomes unenforceable as provided by statute. TEX. PROP.CODE ANN. § 53.175(a). Nor do we agree that *Stolz* is controlling. In *Stolz,* a subcontractor sought to enforce his mechanics' lien; he never sued on the bond or named the surety as a party defendant. *See Stolz,* 42 S.W.3d at 311. The issue before the court was whether the subcontractor, having failed to sue on the bond, could bring a direct action against the principal to enforce his mechanic's lien. *Id.* at 311–12. Our sister court was not faced with deciding which of the two alternative limitation periods might apply under section 53.175(a). Therefore, we do not find the dicta in *Stolz* controlling.

In this case, Masonry's suit to foreclose its mechanic's lien and recover on the bond was filed on April 14, 2003, which is *before* the date on which the underlying lien claim became unenforceable under section 53.158(a) of the Texas Property Code. Ac-cordingly, Masonry timely filed its action on the bond under the second alternative limitations provision set forth in the statute. TEX. PROP.CODE ANN. § 53.175(a). Summary judgment cannot be sustained on limitations grounds.

### QUANTUM MERUIT

■ Finally, Masonry argues that disputed fact issues preclude summary judgment on its quantum meruit claim against Epstein. Epstein responds that summary judgment was properly granted because it established, as a matter of law, that an express contract exists covering the masonry materials in dispute. Therefore, Masonry may not recover on a quantum meruit theory for the value of those materials. We agree.

■ Quantum meruit is an action independent of any contract, based on an implied agreement to pay for benefits rendered and knowingly accepted. *Vortt Exploration Co. v. Chevron USA, Inc.,* 787 S.W.2d 942, 944 (Tex.1990). Recovery on quantum meruit is generally prohibited if an express contract covers the services or materials for which the claimant seeks recovery. *Truly v. Austin,* 744 S.W.2d 934, 936 (Tex.1988); *DiMiceli v. Affordable Pool Maint., Inc.,* 110 S.W.3d 164, 169 (Tex.App.-San Antonio 2003, no pet.).

■ Here, Epstein and Fidelity provided the trial court with evidence that an open account agreement existed between Masonry and New Age through the affidavit and sworn statement of account of Robbin Bostick, Vice President of Masonry. Copies of six invoices covering the masonry supplies at issue were also submitted as summary judgment evidence. Those invoices showed that the masonry supplies were sold to New Age, shipped to the attention of New Age at the project location, and were to be paid for by New Age. Finally, Epstein and Fidelity submitted

Plaintiff's First Amended Petition as summary judgment evidence and asked the trial court to take judicial notice of the facts and causes of action pled in Masonry's petition. In its pleadings, Masonry details the existence of an open account agreement with New Age wherein it agreed to furnish masonry materials to New Age and New Age agreed to pay for such materials. In addition, Masonry uses this open account agreement with New Age as the basis of its "suit on sworn account" and "breach of contract" causes of action against both New Age and Gonzalez.[4]

■ Masonry argues, without citing us to any authority, that while these documents may constitute "some evidence" of a contract between New Age and Masonry, they do not constitute "conclusive evidence" of an express contract sufficient to defeat Masonry's quantum meruit claim against Epstein. We disagree. Although pleadings generally do not constitute summary judgment proof, if a plaintiff's pleadings contain judicial admissions negating a cause of action, summary judgment may properly be granted on the basis of the pleadings. *See Brooks v. Ctr. for Healthcare Serv.*, 981 S.W.2d 279, 283 (Tex.App.-San Antonio 1998, no pet.). Here, both the evidence tendered by Epstein and Masonry's own pleadings prove as a matter of law that an express contract governed the masonry materials made the subject of Masonry's quantum meruit cause of action. The express contract between Masonry and New Age bars Masonry's quantum meruit action against Epstein. *Truly*, 744 S.W.2d at 936.

### CONCLUSION

We affirm the trial court's summary judgment in favor of Epstein on Masonry's quantum meruit suit because we conclude that an express contract covered the masonry materials for which Masonry sought recovery. However, because we also conclude that Masonry's suit to foreclose its mechanic's lien and recover on the indemnity bond is not barred by limitations, we reverse the trial court's summary judgment in favor of Epstein and Fidelity on those claims, and remand to the trial court for further proceedings consistent with this opinion.

---

4. "A suit on a sworn account under Rule 185 presupposes a contract performed by one party who sues the other party for performance of his obligations." *Evans Adver. Agency, Inc. v. Morphew*, 525 S.W.2d 56, 58 (Tex.Civ.App.-Tyler 1975, no writ).