



## OPINION

No. 04-10-00295-CV

**CAPITAL ONE BANK (USA), N.A.,**
Appellant

v.

Duane **CONTI**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 351,571
Honorable Irene Rios, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  February 2, 2011

REVERSED AND REMANDED

Appellant, Capital One Bank (USA), N.A. ("Capital One"), appeals from the trial court's

order rendering summary judgment in favor of appellee, Duane Conti, and awarding attorneys'

fees to appellee.  We reverse and remand.

## BACKGROUND

Capital One sued Conti for breach of a credit card account contract and for amounts owed

pursuant to the account.    Conti asserted the affirmative defense of limitations and

counterclaimed, alleging violations of the Texas Debt Collection Act and the federal Fair Debt Collection Practices Act, as well as unfair debt collection at common law.  Conti later moved for traditional summary judgment on the ground that Capital One commenced its suit after the statute of limitations expired.  In support of his motion, Conti offered the following evidence, which Capital One does not dispute: (1) Conti made his last payment on the credit card account in June 2005; and (2) Capital One's petition was file-stamped on August 4, 2009.  The trial court granted Conti's motion for summary judgment and awarded Conti attorneys' fees, interest, and costs.  Capital One appeals the order and the award of attorneys' fees.

## DISCUSSION

We review a ruling on traditional motion for summary judgment *de novo*.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish: (1) when the cause of action accrued; and (2) there is no genuine issue of material fact about when the plaintiff discovered or should have discovered the nature of its injury.  *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

An action to collect a credit card debt may be brought as an action on an "open account." *LTD Acquisitions, LLC v. Cook*, No. 04-10-00296-CV, 2011 WL 61634, at *2 (Tex. App.—San Antonio Jan. 5, 2011); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 408–09 (Tex. App.— El Paso 2009, no pet.).  The elements of an open account are: (1) transactions between the parties, (2) creating a creditor-debtor relationship through the general course of dealing, (3) with the account still being open, and (4) with the expectation of further dealing.  *Eaves*, 301 S.W.3d at 408.  A credit card debt may be considered an open account because, under a credit card

agreement, the terms of repayment remain subject to modification, and the parties exchange credits and debits until either party settles the balance and closes the account. *See id.* at 409.

If an action to collect a credit card debt is brought as an action on an open account, section 16.004(c) of the Texas Civil Practices and Remedies Code establishes the applicable statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c) (West 2002); *LTD Acquisitions*, 2011 WL 61634, at *2. Section 16.004(c) provides: "A person . . . must bring an action on an open or stated account . . . not later than four years after the day that the cause of action accrues. . . . [T]he cause of action accrues on the day that the dealings in which the parties were interested together cease." § 16.004(c). The party moving for summary judgment on limitations has the burden to conclusively establish the date upon which the parties' dealings ceased and the cause of action accrued. *KPMG Peat Marwick*, 988 S.W.2d at 748.

Here, Capital One filed suit against Conti alleging Capital One "advanced dollar amounts on a Credit Card Account or other open account . . . ." Because Capital One brought its suit as an action on an open account, Conti had the burden to establish the date upon which dealings between the parties ceased. On appeal, Capital One contends the trial court erred in relying upon the date of Conti's last payment as evidence of when dealings between the parties ceased. In contrast, Conti argues the accrual date should be the date of his last payment on the credit card account because the last payment date is a definite and objective point in time to determine when the statute of limitations begins to run. However, as this court recently held, proof of the date of last payment is not conclusive evidence of the date upon which the parties' dealings ceased. *LTD Acquisitions*, 2011 WL 61634, at *2. A typical credit card agreement requires the credit card holder to make payments at regular intervals. Merely establishing the last date of payment

is not sufficient to establish, as a matter of law, that the relationship between the parties also ceased on that date.

We conclude that by providing the trial court with proof of the date of his last payment and nothing else, Conti did not conclusively establish the date upon which the parties' dealings ceased and the cause of action accrued. Because Conti did not meet his burden of proof, the trial court erred in rendering summary judgment in his favor.

### CONCLUSION

We reverse the trial court's order and remand this matter to the trial court for further proceedings.[1]

Sandee Bryan Marion, Justice

---

[1] Capital One also complains the trial court erred in awarding attorneys' fees to Conti. Because we hold the trial court erred in granting summary judgment in Conti's favor, the issue of attorneys' fees must also be remanded.