

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00029-CV

**HIS INDUSTRIES, INC.** d/b/a Technovations,
Appellant

v.

Richard **KEIGER** and Leticia Keiger,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-06066
Honorable Richard Price, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
   Patricia O. Alvarez, Justice
   Luz Elena D. Chapa, Justice

Delivered and Filed:  June 5, 2013

AFFIRMED

HIS Industries, Inc. d/b/a Technovations appeals a summary judgment granted in favor of Richard Keiger and Leticia Keiger.  The summary judgment was granted on the basis of limitations.  On appeal, HIS Industries contends the trial court erred in granting summary judgment because the Keigers' motion did not address each of its claims and the Keigers did not conclusively establish their limitations defense.  We affirm the trial court's judgment.

**BACKGROUND**

On December 12, 2003, Mr. Keiger signed a contract for the equipment and labor HIS Industries agreed to provide in installing a custom audio/visual/home entertainment system in the Keigers' home, which was under construction. The total cost for the equipment and labor was $42,436.96. The contract included a line item for programming which stated, "not included — awaiting final decision on equipment."

On December 18, 2003, HIS Industries sent Mr. Keiger an invoice, which included the costs for the equipment and labor listed in the contract, plus an additional cost of $5,900 for programming. The invoice included a credit for a pre-payment, leaving a balance due of $26,769.50. The job number on the invoice was 0203023, and the invoice stated that it was due on receipt. On April 2, 2008, HIS Industries sent Mr. Keiger a duplicate invoice.

On June 23, 2008, HIS Industries sent Mr. and Mrs. Keiger a new invoice for job number 0208359. The invoice contained charges for a service call and programming on June 16, 2008. The total for this invoice was $413.58.

On April 8, 2010, HIS Industries filed a lawsuit against the Keigers. HIS Industries alleged that it performed work for the Keigers in 2003, 2004, 2005 and 2008, for which it was owed $27,183.08. HIS Industries alleged claims for: (1) breach of contract – suit on sworn account; (2) breach of contract – substantial performance; and (3) quantum meruit.

As proof of its sworn account claim, HIS Industries attached the affidavit of Marguerite Haley, one of the owners of HIS Industries, to its petition. Haley's affidavit referred to the 2003 contract and the 2008 invoices, which were attached to her affidavit. Haley also referred to a job register as evidence of the work performed by HIS Industries for the Keigers. The job register listed entries beginning on August 19, 2003 and included numerous entries throughout 2004 and a few entries in 2005, ending in June of 2005. The job register also included entries for mileage

paid on June 18 & 19, 2008, and salary and wages paid on June 27, 2008. Finally, a letter Haley sent to the Keigers dated April 2, 2008, was attached to her affidavit. In the letter, Haley referred to a business reorganization that HIS Industries had undertaken and stated:

> Our records show your account has an outstanding balance which we would like to address at your earliest convenience. The project documentation indicates that the final walk-through was completed and all punch list items were resolved, however, we never received final payment. While our new procedures would normally prohibit additional services for you until the account has been settled, we will make an exception due to your project being a legacy account from our original business entity. Of course, we will expect payment arrangements to be made in reciprocation.

The Keigers subsequently filed a traditional motion for summary judgment. The motion asserted that the Keigers "will conclusively demonstrate that Plaintiff's claims against [them] are barred by the statute of limitations." The Keigers alleged that the work on their home pursuant to the contract was completed in 2004. In addition to the December 2003 contract and invoice, the Keigers attached deposition excerpts from the deposition of Haley to their motion. In her deposition, the following exchange occurred regarding when the work was complete:

> Q.    …. And as you've testified earlier, all of that work was completed in 2004, correct?
> A.    The equipment was installed in 2004.
> Q.    And that was the purpose of the contract, was to install the equipment, correct?
> A.    Yes.
> Q.    Okay. So the contract was completed, everything was done in 2004?
> A.    The contract was not completed as far as the — We didn't receive payment, and we continued to go out and to service the clients with their programming changes in hope that they would pay us.
> Q.    In 2005?
> A.    Yes. And also in 2008.
> Q.    Okay. But not in 2006 or 2007?
> A.    No.

Haley testified that work was performed in 2005 in response to the Keigers' requests for changes which Haley agreed could be likened to service calls. Haley stated that the work was not included in the original contract; however, no new invoices were issued for that work.

In their motion, the Keigers asserted that even if the work performed in 2005 extended the statute of limitations, the four year limitations period would have run at least by the end of 2009, before HIS Industries filed its lawsuit. The Keigers further asserted that the 2008 service call was not performed pursuant to the December 2003 contract as evidenced by a separate invoice being sent containing a separate job number. The Keigers prayed for their motion to be granted as to all three of the claims asserted by HIS Industries.

In its response to the Keigers' motion, HIS Industries asserted that the Keigers failed to address all of their causes of action and failed to file a verified denial of the sworn account. HIS Industries further asserted that its cause of action was not barred by limitations because the parties' dealings continued at least until mid-2008, and the contract was not terminated by either party before that date. In Haley's deposition testimony attached to the response to the summary judgment motion, Haley stated:

> Q. Okay. Well, your company, HIS Industries, is suing Ricky and Leticia Keiger. Can you tell the jury just generally what your allegations are against Mr. Keiger and Mrs. Keiger?
> A. Well, very simple. We performed the service; they didn't pay.
> Q. The service you performed was done in 2003, 2004, correct?
> A. And continued in — Yes, and it continued.
> ***
> Q. Okay. So this is the invoice that was sent for the equipment that you guys installed in 2004?
> A. Correct.
> Q. And you said the job was completely finalized and finished out in 2004?
> A. That's not what I said. I said the equipment was installed in 2004. We continued to go out and service change requests and programming to accommodate the Keigers.
> Q. And that continued through 2005, correct?
> A. It continued up until 2008.
> Q. Ma'am, are you testifying here today that every year from 2004 to 2008, you and your company — or people from your company were going out to the Keiger residence?
> A. We were there in 2005, and we were there again in 2008.
> Q. Is there a separate contract for the service?
> A. No. This is a continuation of the existing installation that was done beginning in 2003.

Finally, with regard to quantum meruit, HIS Industries asserted, "it is undisputed that the mid-2008 work [is] within the four year limitations period."

The trial court granted summary judgment in favor of the Keigers as to the 2003 contract and any payment due thereunder; however, the trial court severed the claims by HIS Industries for payment due under the June 2008 invoice. HIS Industries appeals.

## STANDARD OF REVIEW

We review a ruling on a traditional motion for summary judgment de novo. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Capital One Bank (USA), N.A. v. Conti*, 345 S.W.3d 490, 491 (Tex. App.—San Antonio 2011, no pet.). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish when the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Capital One Bank (USA), N.A.*, 345 S.W.3d at 491. In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## SWORN ACCOUNT V. OPEN ACCOUNT

"As an initial matter, we note that a suit on a sworn account is not an independent cause of action." *Southern Mgmt. Servs., Inc. v. SM Energy Co.*, No. 14-12-00377-CV, 2013 WL 793153, at *2 (Tex. App.—Houston [14th Dist.] Mar. 5, 2013, no pet. h.). "It is based instead on Rule 185, which affords a procedural right of recovery in certain contract disputes." *Id.*; *see also Pine Trail Shores Owners Ass'n v. Aiken*, 160 S.W.3d 139, 144 (Tex. App.—Tyler 2005, no pet.) (noting Rule 185 is not a rule of substantive law and suit on sworn account is not a cause of

action). Accordingly, the contention by HIS Industries that the Keigers failed to address this claim is overruled.

HIS Industries also contends that the trial court erred in granting summary judgment because the Keigers failed to file a verified denial in response to their sworn account allegations. The affirmative defense of limitations, however, can be raised even in the absence of a verified denial. *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 863 (Tex. 1979); *Cooper v. Scott Irr. Const., Inc.*, 838 S.W.2d 743, 747 (Tex. App.—El Paso 1992, no pet.); *Jorrie Furniture Co. v. Rohm*, 442 S.W.2d 476, 478 (Tex. Civ. App.—San Antonio 1969, no writ). Therefore, the absence of a verified denial did not preclude the trial court from granting summary judgment based on limitations.

Accepting that the Keigers cannot dispute their receipt of the equipment and services rendered by HIS Industries or the correctness of the stated charge, *see Rizk*, 584 S.W.2d at 863, the primary dispute between the parties is whether the Keigers' contract with HIS Industries created an open account. The elements of an open account are: (1) transactions between the parties; (2) creating a creditor-debtor relationship through the general course of dealing, (3) with the account still being open, and (4) with the expectation of further dealing. *Capital One Bank (USA), N.A.*, 345 S.W.3d at 491. In this case, the creditor-debtor relationship between HIS Industries and the Keigers did not arise from a general course of dealing involving transactions between the parties. Instead, HIS Industries and the Keigers entered into a contract for the installation and programming of an audio/visual/home entertainment system to contain specified equipment. Although additional service or programming calls were undertaken after the installation of the system, these calls were not made pursuant to an open account with on-going charges but as an accommodation by HIS Industries in an effort to obtain payment under the parties' original contract. The absence of an open account is further evidenced by HIS Industries

invoicing the Keigers for a new job number in relation to the 2008 service call. Therefore, we hold as a matter of law that no open account existed between HIS Industries and the Keigers.

## ACCRUAL OF CAUSE OF ACTION

The four-year statute of limitations applies to the breach of contract/sworn account claim asserted by HIS Industries. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). "A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues." *Id*. "It is well-settled law that a breach of contract claim accrues when the contract is breached."[1] *Id*.

In this case, the Keigers breached their contract with HIS Industries when they failed to pay the amount due after the installation and programming of the system was complete.[2] The summary judgment evidence conclusively establishes that the installation was complete in 2004, and the additional programming which could arguably be based on the parties' contract was complete in 2005 at the latest. Even assuming the breach of contract claim did not accrue until 2005, HIS Industries did not file its lawsuit until 2010. Accordingly, the lawsuit is barred by the four-year limitations period.[3]

## QUANTUM MERUIT

Although HIS Industries contends the Keigers did not address its quantum meruit claim, the Keigers alleged that limitations barred all of HIS Industries claims. A four-year limitations period also applies to a quantum meruit claim. *Quigley v. Bennett*, 256 S.W.3d 356, 361 (Tex.

---

[1] The law cited by HIS Industries regarding a claim accruing when the dealings between the parties cease pertains to an open account. *See Capital One Bank (USA), N.A.*, 345 S.W.3d at 491 (discussing accrual of claim relating to open account). For the reasons previously stated, we hold that no open account existed between HIS Industries and the Keigers.

[2] In its brief, HIS Industries suggests that no breach occurred because the parties did not treat the contract as terminated and no evidence was presented to establish that the Keigers refused to perform. However, the summary judgment evidence conclusively established that the Keigers failed to pay the amount due in accordance with the contract after receipt of an invoice stating that payment was due on receipt, and that HIS Industries undertook additional work in an effort to convince the Keigers to make the payment due under the contract.

[3] We note the trial court severed the claims asserted by HIS Industries relating to the work it performed in 2008.

App.—San Antonio 2008, no pet.); *Pepi Corp v. Galliford*, 254 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Since the last date HIS Industries performed compensable work in reference to the initial installation and programming of the system was in 2005, this claim would also be barred by limitations for the reasons previously discussed. More importantly, however, it is well-established that "[r]ecovery on an express contract and on quantum meruit are inconsistent." *Woodward v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964). "Where there exists a valid express contract covering the subject matter, there can be no implied contract." *Id.*; *see also San Antonio Masonry & Tool Supply, Inc. v. Epstein & Sons Int'l, Inc.*, 281 S.W.3d 441, 445 (Tex. App.—San Antonio 2005, no pet.). In this case, both the evidence tendered by HIS Industries and its own pleadings prove as a matter of law that an express contract governed the installation and programming of the system. *See San Antonio Masonry & Tool Supply, Inc.*, 281 S.W.3d at 446. Therefore, the express contract between the Keigers and HIS Industries barred the quantum meruit claim.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice